## MARTIN v. WHITE, *Adm'r.*

The possession of personal property, remaining with the vendor, where the bill of sale is absolute, is only *prima facie* evidence of fraud, *and not fraud per se.*

THIS was a writ of error sued by Willis Martin, who was also plaintiff below, to reverse a judgment rendered against him in the Circuit Court of Greene county, in an action of trover, brought by him against Asa White, administrator of George Evans, to recover five negroes,

which he claimed under a bill of sale, made by Evans to him. Many points were presented by a bill of exceptions, in which the Court below was alleged to have erred; one of which in this Court was deemed decisive.

SHORTRIDGE, ELLIS and ERWIN, for the appellant.

VAN DE GRAAFF, for the appellee.

By JUDGE COLLIER.   On the trial, the plaintiff relied upon an absolute bill of sale for certain negroes, from George Evans, deceased.   The defendant, it appears, was the administrator of the decedent.   Possession did not accompany the conveyance.   On these facts, the presiding judge instructed the jury, that the bill of sale, if the negroes conveyed were not delivered, was fraudulent against creditors.

The Court, at this term, in *Hobbs, v. Bibb* [a] have decided that the possession remaining with the vendor, as it seems it did in this case, is not fraudulent, but only *prima facie* evidence of fraud.   Upon the authority of that case, the Court are of opinion that the judgment below must be reversed, and the cause remanded; the bill of exceptions is so inartificially drawn, that the Court is unable to discover the pertinency of the other points on which the judge instructed the jury, and therefore declines an expression of opinion upon the legal correctness of his instructions.

[a] Ante p. 54.

Reversed and remanded.

JUDGE SAFFOLD, not sitting.