# Moog *v.* Benedicks & Co.

### *Trial of Right of Property in Stock of Goods.*

1. *Proof of fraudulent antedating of bill of sale ; identity of name and person.* — On a trial of the right of property in a stock of goods, between a judgment creditor and a claimant by purchase from the defendant in execution, under a bill of sale bearing date prior to the rendition of the judgment, it is competent for the plaintiff to prove that, after the rendition of his judgment, the defendant in execution went into the office of an attorney, accompanied by a person who was unknown to the attorney, but who was introduced to him as bearing the name of the claimant, and who requested him to write a transfer of said stock from the defendant to said unknown person. The fact tends to show that the bill of sale was fraudulently antedated, and the jury might infer the identity of person from the identity of name.

2. *Retention of possession of goods by vendor, as evidence of fraud.* — If the vendor retains possession of a stock of goods after a sale, and continues to sell them as before, this is merely a badge of fraud, which is susceptible of explanation ; and a charge which instructs the jury, that it can only be overcome by proof of compensation paid to him as agent of the purchaser, is erroneous.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. P. O. HARPER.

HERBERT & BUELL, for appellant.

JUDGE & HOLTZCLAW, *contra.*

B. F. SAFFOLD, J. — The appellees obtained a judgment against Ehlbert, on the 15th of June, 1870. An execution, issued upon it on the 9th of July, 1870, was levied on some goods which had belonged to the defendant, a merchant, and

[Moog v. Benedicks.]

were still in his possession. The appellants interposed a claim of property. The appeal is from the judgment condemning the property to the satisfaction of the execution. The claimant introduced in evidence a bill of sale from Ehlbert to him, of all of his stock of goods in his store in Greenville at its date. This conveyance was executed in the presence of two witnesses, on the 25th of April, 1870, and was proved by one of them before the probate judge of Butler County, on the 26th of April, 1870. There was evidence tending to prove, and other evidence tending to disprove, the good faith of this sale. The plaintiffs in execution were allowed to give in evidence that Ehlbert and another person came into the office of Bolling, one of the plaintiff's attorneys at the time, after the rendition of the judgment against Ehlbert, and requested him to write a transfer of Ehlbert's goods to the said other person, as Moog. This person was unknown to Bolling, but was introduced to him as Moog, and claimed to bear that name. The purpose of this testimony seems to have been to show that the bill of sale was not executed at the time it bears date, but had been fraudulently antedated. It was objected to by the claimant, on the ground that the witness Bolling did not know whether it was the claimant, or some other person, who made the request of him. The evidence was competent, because, if Moog, the claimant, had been shown to have been seeking a transfer of goods to himself, after the date of the instrument which, he claimed, had effected the entire transfer of the same goods, it would have been a suspicious circumstance. The competency of such evidence is not affected by its insufficiency, or by the preponderance of testimony in avoidance or disproof of it, when the time of making the conveyance is in question. *Adams & Wife* v. *Adams*, 29 Ala. 433 ; *McCreary* v. *Turk*, Ib. 244. Its relevancy is manifest, because the identity of the person is, under proper circumstances, *primâ facie*, inferred from the identity of name. Moog, though a resident of Mobile, was in Greenville on this business, and admits that he consulted a lawyer there, "but got no definite opinion from him." 1 Greenl. on Ev. § 575, and note 1 ; 2 Greenl. on Ev. § 278 *d*.

2. The court erred in charging that Ehlbert's remaining in possession of the goods, and selling them as before, was such a badge of fraud as could only be overcome by proof of compensation paid to him as Moog's agent. The effect of this instruction was shown by the question of one of the jury, whether the compensation could be inferred from the good faith of the transaction. Ehlbert's undertaking to sell the goods, with or without compensation, might have been under a subsequent agreement. He might have found his compensation in a very liberal price paid for the goods, and a laudable desire to benefit

his creditor by procuring for him a remunerative sale. If he acted without reward, it would only have been a circumstance indicative of fraud, but not inconsistent with good intention.

The judgment is reversed, and the cause remanded.