## GIDDY v. SHOTTS. (8 Div. 855.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Appeal and error ☞1033(5)—Instruction that, if defendant in execution was claimant's tenant, plaintiff in execution could not recover, even if not applicable to facts, held not prejudicial to claimant (Code 1923, § 8807).**

Instruction, presumably based on Code 1923, § 8807, that, if defendant in execution on cotton in the seed was claimant's tenant for hire, plaintiff in execution could not recover, even if not applicable to facts, did not tend to mislead jury to claimant's prejudice, but was favorable to him.

**2. Fraudulent conveyances ☞139.**

Alleged seller's retention of possession is presumptive evidence of continued ownership in him, subject to rebuttal by proof that sale was bona fide transaction.

**3. Fraudulent conveyances ☞309(11).**

Instruction that sale of cotton by defendant in execution to claimant before levy would not authorize finding for claimant, if defendant in execution retained possession thereof, was properly given.

**4. Landlord and tenant ☞326(1)—Court's refusal to instruct that, if claimant furnished land and team, and defendant in execution did work, title to cotton would be in claimant, and not subject to levy against defendant in execution, held proper (Code 1923, § 8807).**

Under Code 1923, § 8807, court properly refused to instruct that, if claimant furnished land and team, and defendant in execution did work, title to cotton would be in claimant, and defendant in execution would merely have lien thereon for his work, and cotton would not be subject to levy against defendant in execution.

**5. Execution ☞196.**

Where evidence in claim proceedings is conflicting, assignments of error based on theory that claimant in execution is entitled to prevail as matter of law are not well taken.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Trial of the right of property between V. E. Shotts, plaintiff, and J. W. Giddy, claimant. From a judgment for plaintiff, claimant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charges 1 and 2, refused to claimant, are as follows:

"(1) I charge you, gentlemen of the jury, that under the law, if J. W. Giddy furnished the land and the team, and Archie Giddy did the work, then the title of the cotton would be in J. W. Giddy, and Archie Giddy would only have a lien on the cotton for his work, and in that event the cotton is not subject to levy by the execution in this case, and you must find for the claimant, J. W. Giddy.

"(2) I charge you, gentlemen of the jury, that, if you believe from the evidence in the case that J. W. Giddy furnished the land and the team, and Archie Giddy furnished the labor, then Archie Giddy would have a lien for his labor, and the title to the crop would be in J. W. Giddy, the claimant, and you must find for the claimant."

Stell & Quillin, of Russellville, for appellant.

The court is not permitted to charge upon the evidence. The charge of the court tended to mislead the jury. Battles v. State, 18 Ala. App. 475, 93 So. 66. The charge given for plaintiff is misleading and inapplicable. McCrae v. Young, 43 Ala. 622; Darnell v. Griffin, 46 Ala. 520; 35 Cyc. 25. Charges 1 and 2 requested by claimant should have been given. Code 1907, § 4743; Jordan v. Lindsay, 132 Ala. 567, 31 So. 484; Farrow v. Wooley, 138 Ala. 267, 36 So. 384. Claimant should have had the affirmative charge. Code 1907, § 4743; Jordan v. Lindsay, supra.

Williams & Chenault, of Russellville, for appellee.

Counsel discuss the questions treated, but without citing authorities.

SAYRE, J. In October, 1924, appellee caused an execution to be levied on cotton in the seed as the property of Archie Giddy, defendant in the execution. Appellant interposed his claim. On the trial of the right of property which ensued, appellee, plaintiff in execution, had judgment.

[1] Archie Giddy had raised the cotton on land rented by him, or by J. W. Giddy for him, from McCurley. Appellant contended that he had made advances to Archie Giddy, his son, and, further, that he had bought the cotton from Archie. In the course of its oral charge, the court expressed its doubt whether the evidence required any instruction on the relation between the Giddys of landlord and tenant. Claimant excepted. The court thereupon amended its instructions by saying to the jury, in substance, that, if Archie was J. W. Giddy's tenant for hire, the plaintiff in execution could not recover. We presume the court at first had in mind section 8807 of Code 1923. There was nothing in the case calling for this instruction. Appellant contends that the instruction in question was not applicable to the facts in the case. We might concur in that contention, but cannot agree that this instruction had a tendency to mislead the jury—at least no tendency to mislead to claimant's prejudice. The sum total of what the court said on this subject operated only to open the way for a verdict in favor of claimant as to which the jury found against him.

[2, 3] The court on plaintiff's request in writing charged the jury:

"If you find that Archie Giddy did in fact sell the cotton to J. W. Giddy before the levy, still, if the said Archie Giddy remained in possession of the same without a change of possession, then the sale alone would not authorize you to find for the claimant."

The retention of possession by the alleged vendor was presumptive evidence of continued ownership in him, subject to rebuttal by proof that the sale was a bona fide transaction. Hobbs v. Bibb, 2 Stew. 54; Martin v. White, 2 Stew. 162; Ayres v. Moore, 2 Stew. 336; Blocker v. Burness, 2 Ala. 354; Cummings v. McCullough, 5 Ala. 324; Millard's Adm'r v. Hall, 24 Ala. 209; Upson v. Raiford, 29 Ala. 188; Mayer v. Clark, 40 Ala. 259; Moog v. Benedicks, 49 Ala. 512; Crawford v. Kirksey, 55 Ala. 282, 28 Am. Rep. 704; Teague v. Bass, 131 Ala. 422, 31 So. 4; 1 Williston on Sales, § 354.

[4] The refusal of charges 1 and 2, as we have marked them on the margin of the record, requested by claimant, was based upon a correct interpretation of the statute law as it now is. Section 8807, Code 1923.

The court in its oral charge instructed the jury in accordance with section 10377 of the Code. The question thus presented was one for decision by the jury; but it appears affirmatively from the record that no damages under this section were assessed.

[5] Other assignments of error proceed upon the theory that claimant was entitled to prevail as matter of law. The evidence was in conflict, and these assignments are not well taken.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.