(110 So. 465)

### WOODY et al. v. TUCKER, WILLINGHAM & CO. (5 Div. 926.)

(Supreme Court of Alabama. Nov. 18, 1926.)

1. **Fraudulent conveyances ⬅️278(1)—Burden of showing bona fides of judgment debtor's deed to brother, leaving debtor without means, is on grantee.**

In action to set aside deed from judgment debtor to brother as in fraud of creditors, burden is on defendants to prove bona fides of consideration for conveyance, which was made after accrual of debt and which left debtor without means to pay debt.

2. **Fraudulent conveyances ⬅️102—Transaction between brothers will be more closely scrutinized at instance of creditor than like transaction between strangers.**

Conveyance between brothers will be more closely scrutinized at instance of creditor claiming fraud than would like transaction between strangers.

3. **Fraudulent conveyances ⬅️278(1)—Burden of proving bona fides of judgment debtor's conveyance includes proof of grantee's ability to make purchase.**

Burden of proving bona fides of conveyance between brothers claimed to be in fraud of creditors of grantor, includes requirement of clear evidence of grantee's ability to make purchase, where that is questioned.

4. **Fraudulent conveyances ⬅️299(11)—Decree setting aside deed between brothers as fraudulent held warranted by evidence.**

In suit to set aside deed between brothers as in fraud of creditors, evidence to show bona fides of deed, failing to explain recording of deed after suit by creditors and permitting of grantor to remain in possession, *held* not to show error in decree setting aside deed.

5. **Appeal and error ⬅️1056(5)—On hearing testimony ore tenus equity court may refuse to hear patently inadmissible testimony, but exclusion of material testimony will result in reversal (Code 1923, § 6565).**

Under Code 1923, § 6565, equity court, on hearing testimony ore tenus, may expedite cause by refusing to hear testimony patently irrelevant, immaterial, or incompetent, but, if error is committed in this respect, resulting in exclusion of testimony which Supreme Court deems material, reversal will be ordered.

6. **Equity ⬅️352—Testimony in equity case, calling for fact of doubtful admissibility, should be admitted to record.**

Answer to question, calling for fact of doubtful admissibility, should be admitted to record for future consideration by equity court and by Supreme Court, in event of appeal.

7. **Appeal and error ⬅️1058(1)—Fraudulent conveyances ⬅️286(1)—Testimony as to conversation between grantor and grantee concerning debts, had prior to conveyance alleged to be in fraud of creditors, held admissible, but exclusion not reversible error where otherwise shown.**

In suit to set aside deed as in fraud of creditors, testimony by grantor as to conversation with grantee about debts due at time of entering into agreement for conveyance should have been received, but its exclusion is not reversible error, where record otherwise showed facts called for.

8. **Evidence ⬅️471(29)—Refusal to allow grantee to answer question whether judgment debtor reserved interest in conveyance, claimed to be in fraud of creditors, held proper as calling for conclusion.**

In suit to set aside conveyance as in fraud of creditors, refusal to allow grantee to answer question whether grantor reserved any interest in property *held* proper as calling for conclusion of witness.

9. **Evidence ⬅️318(2), 357—Letters from other brothers than grantor to grantee held properly excluded as hearsay and immaterial, in suit to set aside conveyance as in fraud of creditors.**

In suit to set aside conveyance as in fraud of creditors, letters written to grantee, a brother of grantor, by other brothers, *held* properly excluded as hearsay and immaterial.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Bill in equity by J. M. Tucker and others, individually and as partners under the firm name of Tucker, Willingham & Co., against J. R. and E. A. Woody. Decree for complainants, and defendants appeal. Affirmed.

L. H. Ellis, of Columbiana, for appellants.

Counsel argues for error in the decree, but without citing authorities.

J. A. Hines, of Lafayette, and Denson & Denson, of Opelika, for appellees.

Where the creditor's debt was created prior to the execution of the conveyance attacked, the burden is on the grantee to show valuable and adequate consideration; and where the consideration of the conveyance was a debt from the grantor to the grantee, the burden is on the grantee to show bona fide existence of the debt, and that the value of the land was no more than the fair equivalent of the debt. London v. Anderson Brass Wks., 197 Ala. 16, 72 So. 359; Mc-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Teers v. Perkins, 106 Ala. 411, 17 So. 547; Houston v. Blackman, 66 Ala. 559, 41 Am. Rep. 756; Yeend v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Smith v. McAdams, 207 Ala. 118, 92 So. 411; Wood v. Riley, 121 Ala. 100, 25 So. 723; Watters-Tonge Co. v. Knox, 206 Ala. 183, 89 So. 497. The relationship between the grantor and grantee should be taken into consideration in weighing the evidence. McCrory v. Donald, 192 Ala. 312, 68 So. 306; Murphy v. Pipkin, 191 Ala. 111, 67 So. 675; Marshall v. Croom, 60 Ala. 121. False recital of consideration may be a badge of fraud. Hall v. Heydon, 41 Ala. 242; Lawson v. Ala. Co., 80 Ala. 341. That the property conveyed was substantially all of the grantor's property, and failure to record the conveyance, where the grantor remains in possession, are circumstances to be looked to in determining fraud. Seals v. Robinson, 75 Ala. 365. To sustain the burden of proof of grantee, it should appear that he had ability to make the purchase. Harrell v. Mitchell, 61 Ala. 270.

SAYRE, J. On and before April 1, 1921, defendant J. R. Woody was indebted to complainants Tucker, Willingham & Co. in sums aggregating several thousand dollars. The larger part of these debts had come over from years antedating 1922. In January, 1922, complainants commenced an action in the circuit court of Chambers county to recover the amount of J. R. Woody's indebtedness, and on March 7, 1922, judgment was rendered for complainants in the sum of $4,033.16 and costs. On the 23d day of the same month a certificate of judgment was filed for record in the office of the probate judge of the county. February 20, 1922, two paper writings were filed for record in the office of the judge of probate, the one purporting to be an agreement between J. R. Woody and his brother E. A. Woody, of date April 1, 1921, for the sale by the former to the latter of 200 acres of land, mules, and farming implements, for $8,000, reciting the payment of $250, the balance, less mortgage and account due from J. R. to E. A., to be paid on delivery of a deed to the property; the other, purporting to be a deed of conveyance of the property from J. R. to E. A., on consideration of $8,000, as recited in the agreement. This deed was dated and acknowledged April 15, 1921. The circuit court, sitting in equity, rendered a decree on complainants' bill, setting aside the deed as made in fraud of their rights as creditors, and respondents J. R. and E. A. Woody have appealed.

[1-3] Complainants' debt, due at and before the time of the agreement and conveyance to which reference has been made, is not denied, nor is it denied that the deed in question left defendant J. R. Woody without means to pay his debt. Defendants were brothers. In the case thus shown, without dispute, the burden rests upon defendants of proving the bona fides of the consideration alleged for the agreement and conveyance, and, since grantor and grantee were brothers, our uniform decisions hold that the transaction will be more closely scrutinized at the instance of a creditor than would a like transaction between strangers. Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504; Watters-Tonge Lbr. Co. v. Knox, 206 Ala. 183, 89 So. 497; Moog v. Farley, 79 Ala. 246; Zelnicker v. Brigham, 74 Ala. 598. And the stated rule as to the burden of proof includes the requirement of clear evidence of the grantee's ability to make the purchase, where that is questioned. Harrell v. Mitchell, 61 Ala. 270.

[4] There is no need to discuss the evidence in detail. Defendants were brothers, as we have noted. The grantee had lived in Atlanta, Ga., for 20 years or more. There is nothing going to show any previous business relations or transactions between the two. Grantee was a man of small means, and the evidence leaves room for but one inference; viz., that he had hardly been able to make more than a very modest living during his residence in Atlanta. Defendants sought to make up the sum of the alleged purchase money by evidence tending to show that grantee had lent a considerable sum to grantor at a time in the more or less remote past, and that two other brothers, one of whom lived in the state of Texas, the other at Seattle, in the state of Washington, had at times lent money to grantor, and that these loans assumed by grantee eked out the sum of $8,000, which grantee claimed to have paid for the agreement and conveyance. But, unfortunately, the evidence in support of defendants' case is so meager and unsatisfactory that, when taken in connection with some other well-established but not satisfactorily explained facts; viz., that there was a failure to record the conveyance until complainants had brought suit on their claim (Seals v. Robinson, 75 Ala. 365), that grantor was left in possession (Seals v. Robinson, supra, and Giddy v. Shotts, 214 Ala. 627, 108 So. 573), and that the trial judge heard the witnesses, grantor, and grantee, who—the record justifies the inference—must have made a very unfavorable impression by their efforts to establish the bona fides and adequacy of the consideration claimed—these facts leave the case for defendants, appellants, in such questionable shape that, upon due consideration, we are wholly unable to affirm error of the trial judge's conclusion that complainants were entitled to the relief prayed in their bill.

[5] At the taking of the testimony before the judge, many exceptions were reserved on questions of evidence, and these excep-

tions and the rulings to which they were directed take up quite a considerable part of the record transmitted to this court. This was unnecessary. Section 6565, new, to the Code of 1923, makes it the duty of the court, in the consideration of equity causes, to "consider only such testimony as is relevant, material and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial or incompetent, whether objection shall have been made thereto or not," and so likewise on appeal. We take it that, on hearing the testimony ore tenus, the court may expedite the cause and save the parties costs by refusing to hear testimony patently irrelevant, immaterial, or incompetent; but, if error is committed in this respect and it appears that thereby testimony is excluded from the record which this court, on appeal, finds may have been material to a correct decision, a reversal will be ordered. Such was the judgment in Montgomery v. McNutt, 214 Ala. 692, 108 So. 752, recently decided.

[6] It would seem to follow that the answer to a question calling for anything like a fact of doubtful admissibility should be admitted to the record for future consideration by the trial court and by this court in the event of an appeal. In this connection, we may add that a memorandum may frequently be of use to the court in calling its attention to debatable questions of evidence, and the court, by order, may make such a memorandum a part of the record.

[7] In the present case, stress is laid upon several rulings of the trial court on questions of evidence. We have no doubt that the answer, in the first place, of the witness J. R. Woody to a question whether he said anything to his grantee about other debts he owed on the occasion when they entered into the agreement for a conveyance on the 1st and 15th days of April, 1921, should have been received, but we find at other places in the record that the facts called for by the question were placed before the court. Thus, on page 28 of the record, J. R. Woody testifies that he told his brother nothing about his indebtedness or financial condition, and, on page 75, defendant E. A. Woody testifies to what was said between them, the substance of J. R. Woody's statement, according to the testimony of the witness, being that with cotton he had, in connection with the proposed sale, he could take care of all his debts. In this state of the evidence, a reversal on account of the ruling here in question could hardly be justified.

[8] We find no sufficient reason for a reversal in that ruling of the court which refused to allow the witness E. A. Woody to answer the question whether, in the trade for the land, J. R. Woody reserved any interest. The question called for the mere conclusion of the witness.

[9] Nor was there error in the court's refusal to consider—though they were properly admitted to the record—letters written by the brothers in Texas and Washington to the grantee E. A. Woody. These letters were hearsay and for the most part immaterial.

We find no sufficient reason for reversing the decree rendered in the trial court.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.