(113 So. 306)

**HILL v. HILL et al.** (7 Div. 713.)

Supreme Court of Alabama. April 7, 1927.

Rehearing Denied June 23, 1927.

**1. Trusts ⟜43(1)—Parol evidence held admissible to prove intention to create gift or trust in permitting purchase-money notes to be made to one of parties in interest without consideration to others.**

Where purchase-money notes were taken in favor of mother on sale of land belonging to her husband's estate without consideration to his other heirs, parol evidence was admissible, after the mother's death, to prove whether the notes were permitted to be made in her favor as a gift or as a trust.

**2. Appeal and error ⟜926(7)—Supreme Court would assume relevant testimony elicited on cross-examination as shown in narrative record was responsive to interrogatories (Code 1923, § 7721).**

Where testimony relevant to deceased's intention was elicited from witnesses, incompe-

tent, under Code 1923, § 7721, to testify thereto on their own behalf, by administratrix on cross-examination, and stated in narrative form in the record, the Supreme Court would assume it was drawn out by interrogatories to which the narrative responded.

**3. Witnesses ⟜178(3)—Testimony elicited on cross-examination of witnesses, incompetent to testify on own behalf as to deceased's intention, held competent (Code 1923, §§ 6565, 7721).**

Testimony on cross-examination of witnesses, who, under Code 1923, § 7721, were disqualified to testify on their own behalf as to deceased's intention respecting purchase-money notes for land made in favor of deceased, who was but one party in interest, *held* competent, and court not precluded from consideration thereof by section 6565, requiring court to consider only competent evidence.

**4. Evidence ⟜148—"Competent evidence" is that which nature of thing to be proved requires as appropriate in particular case.**

"Competent evidence" is that which the very nature of the thing to be proved requires as the fit and appropriate proof in the particular case, such as the production of a writing where its contents are the subject of inquiry.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Competent Evidence.]

**5. Evidence ⟜157(1)—Court need not assume fact against competency, where parties without objection try issues on secondary evidence.**

Where parties without objection try their issues on secondary evidence, the court is not required to assume a fact which would deny the competency of the evidence adduced.

**6. Trusts ⟜44(2)—Heirs' conveyance without consideration, whereby proceeds passed to deceased's widow, held prima facie evidence of intention to create trust.**

Prima facie the intention of heirs, in conveyance whereby the consideration passed to the widow of deceased, was to create a trust in the fund in their favor.

**7. Trusts ⟜10—Trust may be created in money.**

A trust may be created in money as well as in any other species of property.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill of interpleader by W. H. Cather against Maud Hill, as administratrix of the estate of M. A. Hill, deceased, on the one hand, and G. E. Hill and others on the other. From a decree for G. E. Hill and others, respondent Maud Hill, as such administratrix, appeals. Affirmed.

Hugh Reed, of Center, for appellant.

Counsel argues for error in the decree, and cites Tillery v. Tillery, 155 Ala. 496, 46 So. 582; Sullivan v. Lawler, 72 Ala. 72; Birm-

ingham Sawmill Co. v. Southern R. Co., 210 Ala. 126, 97 So. 78; Sellers v. Dickert, 185 Ala. 206, 64 So. 40; Moore v. Bragg, 212 Ala. 481, 103 So. 452.

Chas. J. Scott, of Ft. Payne, for appellees.

The testimony offered by appellees did not contravene Code 1923, § 7721. 22 C. J. 129; Russell v. Erwin's Adm'r, 41 Ala. 292; Beasley v. Watson, 41 Ala. 234; Smith v. Spencer, 73 Ala. 299; May v. Hewitt, 33 Ala. 161. The presumption is that the purchase price would be the property of the parties making the deed and owing the title. Rhodes v. Downing, 13 Ala. App. 494, 68 So. 788; 22 C. J. 87.

SAYRE, J. This cause, having been removed from the law side of the court to the equity docket on the interpleader of the original defendant, became a contest between the personal representative of M. A. Hill, deceased, appellant, and the heirs at law of W. C. Hill, deceased, appellees. The estate of W. C. Hill consisted in large part of lands. His widow, M. A. Hill, joined his heirs at law in the conveyance of a parcel of land to one Jennings, who executed his several promissory notes for deferred installments of the purchase money, payable to M. A. Hill. To arrange this purchase-money indebtedness, Jennings procured a loan from the Federal Land Bank, and the money was placed with Cather, the agent of the bank, to be delivered to M. A. Hill when the notes should be delivered up and the mortgage deed of trust executed by Jennings to M. A. Hill should be satisfied. Mrs. Hill died, after which, everything else being arranged, Cather was confronted by the adversary claims of appellant as administratrix, on the one hand, and appellees as heirs of W. C. Hill, on the other. Hence his bill of interpleader after which the cause proceeded as one between appellant and appellees. It is conceded on all hands that the heirs, in conveying the land and permitting the notes to be made payable to M. A. Hill, were making some sort of provision for their mother. The difference between the parties arises out of their different understandings of the nature of the provision for Mrs. Hill—whether the purchase-money notes were made payable to her as a gift, or whether the provision was intended as a trust for her support while she lived, with remainder of any unexpended balance to the donors.

[1] Whether a gift or a trust was intended is a matter of pure intention, though, apart from the relation between the parties, the presumption in the first instance would be that a gift was intended but this was a mere presumption. The issue thus presented by the stated difference between the parties called for the admission of all parol evidence, otherwise competent, tending to throw light on the question. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752.

Appellees' contention, heretofore stated in a slightly different form, is that they, the children of M. A. Hill and heirs of W. C. Hill, agreed among themselves that they would sell the parcel of land to Jennings, and that the fund thus produced should constitute, in effect, a trust for the support of their mother, the remainder of the fund, if any, at her death to revert to themselves, and that, with this understanding, they made title and the notes securing the purchase money were made payable to their mother. As we have already said, it was competent to prove this trust by parol; but most of the testimony adduced to this end was objected to, and was obnoxious to the objection that it violated the rule of section 7721 of the Code, which, in relevant part, is that—

"No person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding."

The witnesses in question, parties to this suit and interested in its result, undertook to testify to a transaction in which it was agreed between them and their mother, whose interest and estate is represented by appellant, her administratrix, substantially as we have stated the facts, sufficient, if competently proved, to establish the trust for which appellees contend. However, Elizabeth Nichols, a granddaughter of appellant's intestate, testified to facts going to show that she was an heir of W. C. Hill (her mother, his daughter, having died before said Hill); that she signed the deed at Ft. Payne in De Kalb county; that she was not present when Jennings executed the mortgage deed of trust which secured to M. A. Hill the notes for unpaid purchase money and knew nothing of it; and that (here stating the relevant substance of her testimony) "none of the other heirs ever talked to me about how the money was to be used, but it was generally understood among all the children that Mrs. Hill was to have the use of the money during her lifetime and then it was to come back to us." Edith Webster, another heir, sister of Elizabeth Nichols, testified, in substance, to the same effect.

[2, 3] This relevant substance of their testimony was elicited by appellant on cross-examination. It is stated in narrative form in the record and we have no alternative but to deal with it as having been drawn out by appellant by interrogatories to which the narrative aptly responds. We will not be understood as holding that appellant had not the right to cross-examine these witnesses as to any fact related by reasonable connection with the matter elicited on direct examination or that thereby she made these witnesses her own. The point is that the matter thus drawn out by appellant, notwithstanding it

may have been in bad form, was relevant and material and due to be considered by the court. The only difficulty about it arises out of the rule found stated in section 6565 of the Code, which makes it the duty of the court, in the consideration of equity causes, to "consider only such testimony as is relevant, material and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial or incompetent, whether objection shall have been made thereto or not," and so likewise on appeal. The effect and operation of this section in an analogous case had consideration in Cotton v. Cotton, 213 Ala. 336, 104 So. 650, and in Woody v. Tucker, 215 Ala. 278, 110 So. 465.

[4, 5] The section causes no particular trouble so far as concerns the relevancy and materiality of evidence, but as to the matter of competency we find it more difficult. "By competent evidence is meant that which the very nature of the thing to be proved requires as the fit and appropriate proof in the particular case, such as the production of a writing where its contents are the subject of inquiry." 1 Greenl. Ev. § 2; Jones on Ev. (2d Ed.) § 7. But in more than one conceivable circumstance secondary evidence is admissible, and, if the parties without objection try their issues on secondary evidence, no reason is perceived why the court should interpose by gratuitously assuming a fact which would deny the competency of the evidence adduced. To pursue the subject a little further, it is frequently a matter of difficulty to say whether the expression of a witness is the statement of a mere conclusion or whether it is to be admitted as the statement of a collective fact, and, if the parties elicit conclusions where only a statement of its constituent elements would be competent according to the strict rules of evidence, triers of fact generally understand such matters, and no harm to the cause of justice results if the parties are content to follow that method. So, in general agreement with the view thus outlined, we state our opinion that the testimony of these two witnesses as to the general understanding among the children of Mrs. Hill, who were the heirs of W. C. Hill, to the effect that Mrs. Hill was to have the use of the money during her lifetime and then it was to come back to them, should, in the absence of objection at least, be accepted as evidence of their intention in executing the conveyance of their land.

[6, 7] Prima facie, their conveyance, whereby was created the fund in controversy, was executed with the intention of creating a trust —this, because the fund was created by the conveyance of their land without other consideration than the convenience of the parties. A trust may be created in money as well as any other species of property. 39 Cyc. 36. It is not entirely clear that the condition and relation of the parties raises the presumption of a gift sufficiently strong to overcome the prima facie implication of the transaction, for the mother's dower provided for her a better settlement than their inheritance provided for any one or two of the heirs, though the ready and irresponsible convertibility of the fund would look in that direction. But the testimony to which we have referred contradicts the idea of a gift of the fund over and above the part consumed by the mother, establishes to the full effect of its credibility a trust pro tanto, there being no countervailing testimony, that offered by appellant having been directed exclusively to proof of the fact that Mrs. Hill owed a debt to appellant's intestate more than sufficient to absorb the fund in controversy, and hence—the notion seems to have been—a necessity for its collection by appellant. The trial court evidently proceeded on the theory of the case we have attempted to state, and we conclude that the decree establishing the heirs of W. C. Hill, appellees, as owners of the fund in question should be affirmed. Montgomery v. McNutt, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.