(133 So. 50)

**FEDERAL LAND BANK OF NEW ORLEANS v. ROWE et al.**

4 Div. 496.

Supreme Court of Alabama.
March 5, 1931.

C. L. Rowe, of Elba, for appellees.

P. B. Traweek, of Elba, for appellant.

**FOSTER, J.**

Appellant filed a bill in equity to set aside a conveyance executed by its judgment debtor to his wife conveying to her their homestead consisting of a house and lot in Elba of less value than $2,000, but not exempt from the payment of appellant's judgment, because that was founded on a claim in tort. For the purpose of treating the law of this case, therefore, it is as though it were not the homestead.

The law of fraudulent conveyances has had much treatment by this court, and we think that it is well settled by our numerous cases in all of its aspects. We will refer to some of its features in order to apply them to the facts of this case. The first principle to which we wish to refer is that when a conveyance is attacked for fraud by a creditor, and it appears that a part of the consideration for the conveyance is the payment of an antecedent debt, and a part is money then or thereafter paid, the same principles are applicable as when the purchase is entirely on a new consideration. Levy v. Williams, 79 Ala. 171; Carter Bros. v. Coleman, 84 Ala. 256, 4 So. 151; Harris v. Russell, 93 Ala. 59 (11), 67, 9 So. 541; Brinson v. Edwards, 94 Ala. 447, 10 So. 219.

The most important features of the law of fraudulent conveyances in other respects have been analyzed and fully treated in our case of London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359. The result was there found to be that if the consideration of the conveyance be an existing debt, in a contest with an existing creditor, the grantee has the burden of showing the bona fides of his debt, and that it was adequate; whereupon the intention of the parties is immaterial. But that if the consideration is a new one, the grantee need only show that he in fact paid a substantial valuable consideration; whereupon the creditor must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors. In the latter event inadequacy is a mere circumstance material upon the subject of such intent by the grantor and notice of it by the grantee, of more or less value, as such, dependent upon all the circumstances. Boutwell v. Spurlin, 203 Ala. 482, 83 So. 481; McCollum v. Burton, 220 Ala. 629, 127 So. 224. This is upon the well-known doctrine that the grantee is thereby protected as a bona fide purchaser, paying value for the property. When this is shown the burden to

prove notice is on the other party to the controversy.

The transfer of the property by one spouse to the other should, when thus attacked, be closely scrutinized, but the same principles of law apply as between other persons. Nat. Bank of Republic v. Dickinson, 107 Ala. 265, 18 So. 144; McCrory v. Donald, 192 Ala. 312, 318, 68 So. 306; 27 Corpus Juris 639, 640; Woody v. Tucker, 215 Ala. 278, 110 So. 465. Such relationship is not now considered a badge of fraud, nor evidence of notice of bad faith on the part of the other as grantor, except to illustrate other circumstances having such tendency. Goetter v. Norman, 107 Ala. 585, 19 So. 56; Halsey v. Connell, 111 Ala. 221, 20 So. 445; McCrory v. Donald, supra.

The evidence shows that the grantor and grantee were husband and wife, respectively; that they had a son who by reason of disabilities in the war became entitled to receive permanent monthly allowances from the government. He was a patient at the hospital in Tuscaloosa, and his father, the grantor, was his guardian. The circuit court made an order under authority of section 8134, Code, for the payment by his guardian of $25 per month to his mother as a dependent. She authorized her husband to take and use this money for the benefit of the family. There were three daughters in the family at the time, and the husband was enfeebled by disease. He, as such guardian, each month drew a check for that amount usually payable to cash and he drew the money with her (the mother's) consent for such purpose. There was no agreement that he should or should not refund it to her or otherwise account for it. This continued until it amounted to $750. In the meantime he sold the timber on his land, which he had mortgaged to appellant, and appellant sued him for its conversion and obtained a judgment, having foreclosed the mortgage. This left them the home referred to as their only property. A year or more before the date of the judgment, but after the conversion of the timber, he conveyed the homestead to his wife reciting a consideration of $1,500. The deed was recorded on the day of its date. This is the conveyance sought to be vacated.

At the same time they entered into a written agreement, reciting that due to his ill health, she (the wife) had advanced him $750, and further agreed to pay him $25 a month until he had received $1,200, or as much as $1,500, if he at his own expense recovered the house. This he did not fulfill, but she did that and incurred much more expense in repairing the property, due to the flood of 1929. He continued to receive the $25 a month to the full amount of $1,200. While, on the subject of the value of the homestead when the deed was made, the evidence was conflicting, we are

386

inclined to the view that it does not show value materially in excess of $1,200, the cash value placed upon it in the transaction.

There is not the slightest evidence that she had notice in any respect of the conversion of the timber, or the pendency of the suit, when the deed was executed, or of either, or of the judgment while paying the $25 monthly thereafter until this suit was filed against her. Her husband owed no other debt of any consequence shown by the evidence except that secured by the mortgage to appellant.

We think the circumstances detailed do not require us to determine whether the $750 which the husband had received when the deed was made be treated as a loan or as a donation. Under the circumstances, it may be one or the other so far as the result here is concerned. This is so, because the validity of the transaction is controlled by the fact that the balance of the alleged consideration was money furnished for that purpose in good faith and without notice of fraud, etc.

Whether an advance, without agreement specifying its nature such as existed with reference to the first $750, is presumed to be a loan or a donation, when made by the wife to the husband, has been treated rather extensively by the authorities. 39 Corpus Juris, 708; 12 R. C. L. 928, 929; 13 R. C. L. 1387; Morris v. Westerman, 79 W. Va. 502, 92 S. E. 567, 3 A. L. R. 1237; Waddail v. Vassar, 196 Ala. 184, 72 So. 14; Veitch v. Woodward Iron Co., 200 Ala. 358, 360, 76 So. 124; Long v. King, 117 Ala. 423, 431, 23 So. 534; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; Goodlett v. Hansell, 66 Ala. 151.

But with respect to payments made subsequent to the transaction, it was expressly stipulated in the written agreement that they should be applied on the purchase price of the property. There can be no presumption to destroy the effect of an express agreement. So that, if we treat the first $750 as a donation, and find that he did not owe her anything at the time the deed was made, there was without dispute paid to him by her a new consideration of $450 cash, in monthly installments, by which latter transaction the validity of the deed should be measured.

It may be that the grantor executed the deed to the wife to save their shelter from sale under the judgment, and that this was a legal fraud upon appellant. But we will not presume that his wife had notice of it merely because she was his wife in view of the uncontradicted evidence that she had no such notice (Goetter v. Norman, supra), and none is imputed to her by the pendency of the suit. McCollum v. Burton, supra.

Now, was the new consideration such that its inadequacy was so great as to strike the understanding with the conviction that such a sale could never have been made in good faith? London v. Anderson Brass Works, supra. We would hesitate to declare that the wife would be impressed that there was something crooked or sinister or affected with a fraudulent design in the act of the husband in conveying to her their homestead for a consideration of $450 to be advanced and $750 which she had theretofore turned over to him even though the latter be said to be a gift, when its fair value was $1,200, and she knew of no other circumstance to indicate that he had such a purpose, and had no notice of the existence of other debts.

The circuit court denied relief under those circumstances, and we are impressed with the justice of the conclusion. The deed was not a general assignment under section 8040, Code, because it was not such in form, and did not convey all the debtor's property in payment of or as security for a prior debt.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.