38 So.2d 476

**MARION COUNTY v. TERRELL et al.**

**6 Div. 799.**

Supreme Court of Alabama.

Jan. 20, 1949.

Fite and Fite, of Hamilton, and Arthur Fite and Arthur Fite, Jr., both of Jasper, for appellant.

Wilkinson & Skinner, of Birmingham, for appellees.

FOSTER, Justice.

This is a suit by Marion County, Alabama, to set aside a sale of real estate owned by the county. This is a second appeal. Terrell et al. v. Marion County, 250 Ala. 235, 34 So.2d 160.

After remandment the bill was amended twice. The reporter will set out the substance of those amendments. The court sustained a demurrer to the bill as thus amended, and the county has brought this appeal.

The principles of law which are controlling are set out on former appeal. To the authorities there cited may be added Missouri River Ft. Scott & Gulf R. Co. v. Miami County Com'rs, 12 Kan. 482; McDonald v. Logan County Court, 94 W. Va. 773, 120 S.E. 891; State ex rel. Garland County v. Baxter, 50 Ark. 447, 8 S.W. 188; McCord v. Pike, 121 Ill. 288, 12 N.E. 259, 2 Am.St.Rep. 85.

We assume that the county is operating under the general law creating county commissioners and prescribing their authority. Chapter 2, Title 12, Code. Under that legal status, there are four commissioners, and the probate judge, who constitute the court of county commissioners. Section 21 provides that "In all matters where the county is divided, the same must be determined by the judge of probate." Section 177 provides that the court of county commissioners has control of all property belonging to the county and may by order entered on its minutes direct a disposal of any real estate which it can lawfully dispose of.

So far as here appears, the sale sought to be vacated was regularly directed by the court of county commissioners by order entered on its minutes.

The question here is whether the allegations of the bill as finally amended, are sufficient to support an averment of fraud on the part of the court of county commissioners in directing the sale.

Section 8, Title 12, Code, provides that the court may be held by the judge of pro-

bate and two commissioners, or with three commissioners without the judge of probate. The bill as amended does not set out a copy of the minutes of the meeting and does not allege what commissioners were present, and does not allege by what vote the resolution was passed, nor whether the probate judge voted under authority of section 21, supra. See, Fountain v. State ex rel. Hybart, 210 Ala. 51 (bottom of column 1 and top of column 2, page 54), 97 So. 59.

■ Fraud is charged in adopting the resolution. The fraud is based upon inadequacy of consideration alleged to be to such extent as to be evidence of fraud. The inadequacy is alleged to have been known to the probate judge and two of the commissioners whose names are given with the allegation that one of those two commissioners voted in favor of the sale and one voted against it. Since it does not allege the probate judge voted, we will presume on demurrer that the resolution was passed by a vote of three commissioners in its favor, of whom only one is alleged to have had knowledge of the gross inadequacy of consideration and of the proposal by another to buy at a price four or five times more than the amount for which it was sold to respondent. The probate judge is charged with fraud in not conveying his information to all the commissioners. But the purchaser is not a party to such failure by him. Therefore such alleged fraud is not an incident of the sale. To constitute fraud, those who voted for the sale must have so voted for a fraudulent purpose, or in pursuance to a collusive arrangement between the purchaser and the probate judge or one of the commissioners to deceive the others as to its value. The bill does not undertake to make a charge against more than one of the commissioners who are alleged to have voted for the sale. That is wholly insufficient as a charge of fraud by the court in making the sale, unless there was collusion between the purchaser and one or more of them.

There is no allegation that there was any reason for favoring this purchaser over any other; nor that any commissioner, nor any one else profited by the sale except the purchaser; nor that there were any collateral influences which were instrumental; nor that the purchaser colluded with them, or did more than obtain the best trade he could which was his right under our system of free bargaining between men dealing at arms' length.

■ If the purchaser paid a substantial, valuable and new consideration for the property, and had no notice of any fraud on the part of the commissioners in making the sale, he would be protected on the well known principle of an innocent purchaser. Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50 (3); McClintock v. McEachin, 249 Ala. 591, 32 So.2d 305; Boutwell v. Spurlin Mercantile Co., 203 Ala. 482 (11), 83 So. 481.

■■ The only allegation in the bill on that subject is that the purchaser's agent, who procured the deal for her, did not pay the consideration of $150.00 in good faith, and knew then that said sum was a greatly inadequate consideration. But the allegation of want of good faith is a conclusion and insufficient standing without further allegation sufficient for it to rest on. And inadequacy of consideration is a mere circumstance material upon the subject of such intent and of notice more or less valuable, dependent upon the circumstances known to him. Federal Land Bank v. Rowe, supra; Mo. River Ft. Scott & Gulf R. Co. v. Miami County Com'rs, supra.

We do not think that the bill as amended alleges facts sufficient to base an allegation of fraud on the commissioners acting as a court in the sale of the property or that the purchaser had any notice of fraud, if it may have existed. The demurrer was therefore properly sustained.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.