SHORES, Justice.
These consolidated appeals arise out of complaints for declaratory judgment filed by Stanley'Weeks and Willene Weeks, who sought a judicial construction of the provisions of a mortgage and a will so that the rights of the parties to certain mortgage proceeds could be determined. Stanley Weeks; Willene Weeks; and the Most Reverend Oscar Lipscomb, Archbishop of the Diocese of Mobile, a corporation sole, doing business as St. John’s Catholic Church (“Church”), filed motions for summary judgment. After considering the pleadings and briefs submitted, the trial court entered summary judgments in favor of Stanley Weeks and Archbishop Lipscomb and denied Willene Weeks’s motion for summary judgment. Willene Weeks appeals from those summary judgments.
On April 19, 1979, Wilmer Cook, now deceased, executed a deed transferring a parcel of property located in Baldwin County to Paul Melech. Mr. Melech executed a promissory note for the purchase price and a mortgage in favor of Mr. Cook to secure the note. Thereafter, Mr. Cook filed suit against Mr. Melech, alleging fraud in the real estate transfer. The parties reached a settlement, and they stipulated that a judgment should be entered as a record of the settlement. On March 24, 1980, the Circuit Court of Baldwin County entered a judgment providing that the deed from Mr. Cook to Mr. Melech be reformed to conform to the parties’ actual intent, which the court found to be:
“[That a] life estate be retained by Wilmer Cook for as long as he shall live, with Wilmer Cook having the right to maintain a homeplace on the property and upon his death, said life estate shall be vested in Paul June Melech, Sr.;
“(b) [That the] rents and profits, including but not limited to, the camp grounds, trailer rental, spaces and boat launches, shall be the property of Paul June Melech, Sr., effective Feb. 19, 1980, and thereafter.”
The judgment also provided for the reformation of the note and mortgage executed by Mr. Cook to reflect the parties’ true intent; the judgment provided:
“The mortgage and note shall not cease upon the death of Wilmer Cook; rather Paul June Melech, Sr. shall continue making the monthly installments on the unpaid balance, as follows: one/half (½) of each monthly installment to go to Wilmer Cook’s brother-in-law, Stanley Weeks and one/half (¾⅛) of each installment to St. John’s Catholic Church of Magnolia Springs, Alabama for use of its Council.”
The judgment further directed the clerk of Baldwin County’s probate office to record a copy of the judgment and the mortgage and to indicate in the deed book that the original deed from Mr. Cook to Mr. Melech had been reformed. A real estate mortgage was prepared in accordance with the settlement and judgment, and it was recorded in Baldwin County. Mr. Cook remained on the property, pursuant to the reformed deed.
On August 15,1984, Mr. Cook executed a will and expressly revoked all prior wills, codicils, and other testamentary dispositions. He devised the bulk of his estate to his caretaker, Willene Weeks, and named her as executrix.
Ms. Weeks alleges that in 1986 Mr. Me-lech defaulted on the payments due under the mortgage, but that after Mr. Cook instituted foreclosure proceedings, he accept *1218 ed Mr. Melech’s late payments and did not pursue foreclosure further.-
Mr. Cook died on June 29, 1987. At that time, payments due by Mr. Melech had been in default since June 19, 1987. Ms. Weeks filed Mr. Cook’s will in probate court, and she received letters testamentary on September 2, 1987. Mr. Melech failed to remit any payments to Mr. Cook’s estate. In January 1988, after demanding that full payment of the balance due under the mortgage be made 'to the estate, Ms. Weeks filed a notice of foreclosure.
On January 26, 1988, Mr. Weeks filed a complaint for a declaratory judgment, seeking an order enjoining Ms. Weeks from foreclosing the mortgage and declaring that he was entitled to one-half of the proceeds from the mortgage. He also filed a petition for removal of the estate to circuit court, which was granted on January 28, 1988. On January 29, 1988, Ms. Weeks filed a complaint for a declaratory judgment and for injunctive relief, naming Mr. Weeks, Archbishop Lipscomb, and Mr. Me-lech as defendants. She contended that the disposition of payments in the mortgage was testamentary and had been revoked by Mr. Cook’s will. She sought an order directing Mr. Melech to pay to her the total sum due under the mortgage and to deliver certain items of personal property that she said belonged to the estate. On February 19, 1988, Mr. Melech moved to dismiss Ms. Weeks’s complaint on grounds that it alleged no facts upon which relief could be granted. He also requested that further proceedings in Ms. Weeks’s case be abated until the case filed by Mr. Weeks was resolved. Mr. Melech answered Ms. Weeks’s complaint and denied that he was obligated to pay Ms. Weeks, but stated that he was ready and willing to make payments to Mr. Weeks and to the Church. The record indicates that the trial court did not rule on Mr. Melech’s motions. However, on February 22, 1988, the attorney for the estate conducted a foreclosure sale and Ms. Weeks, as executrix, purchased the property.
The two declaratory judgment actions were consolidated for trial, pursuant to Ms. Weeks’s motion. Thereafter, Archbishop Lipscomb, Mr. Weeks, and Ms. Weeks each filed a motion for summary judgment. The trial court granted the motions filed by Archbishop Lipscomb and Mr. Weeks, and denied the motion filed by Ms. Weeks. The judgments were made final pursuant to Rule 54(b), A.R.Civ.P., and Ms. Weeks pursued this appeal.
On appeal, Ms. Weeks contends that the gift of mortgage installments was testamentary, because, she argues, it passed no present interest to Mr. Weeks or to the Church and, she argues further, it was revoked by Mr. Cook’s will. Alternatively, Ms. Weeks argues that even if the gift of the balance of the mortgage payments was non-testamentary, the gift failed because she, as executrix, has already declared the balance due, so that, she argues, there remains no interest to be distributed to Mr. Weeks or to the Church. The appellees argue that the trial court reached the correct result, and that Tierce v. Macedonia United Methodist Church, 519 So.2d 451 (Ala.1987), supports that result. We agree.
In Tierce, the testatrix sold four parcels of real estate to various purchasers and received in exchange four promissory notes providing for annual installment payments of the purchase price. Each note was secured by a mortgage; two of the mortgages provided that payments would be made to the testatrix until her death, and that after her death the balance of the mortgage indebtedness would belong to the Macedonia Methodist Church, with the money to be invested and the income to be used for maintaining the church. The mortgages further provided that the amount paid to the church was to be deposited and become part of a trust fund administered by the church. Several months later, the testatrix in Tierce executed a will in which she attempted to devise the balance of the mortgage payments to a bank acting as trustee under a certain trust agreement. This Court considered whether the notes and mortgages manifested a present intent to convey an interest in the mortgage proceeds and whether such a transfer actually occurred. Writing for the Court, Justice *1219 Houston noted that mortgage proceeds are considered to be personal property and he wrote:
“Moreover, we have recognized that the reservation of a life estate in personalty does not serve to defeat a .gift of the remainder interest in such personalty, so long as the gift of the remainder interest is reduced to a writing. Livingston v. Powell, 257 Ala. 38, 57 So.2d 521 (1952). In addition, Hill v. Hill [216 Ala. 435,113 So. 306 (1927) ], recognizes by implication that a remainder interest in mortgage proceeds is permissible, and we also note that
“ ‘[i]t is lawful to give a present vested right to future enjoyment. Thus there may be a present gift of a future interest in a fund or in the balance of the fund remaining when the time for enjoyment arrives; and, it has been held, such a gift is valid even though the donor reserves the power to draw out the fund. A conveyance to one as life tenant with power to dispose of or consume is not inconsistent with a present valid gift of the remainder.’
“38 C.J.S. Gifts, § 41, at 820-21 (1943).”
519 So.2d at 458.
The Tierce Court then held that the language in the documents indicated that the testatrix intended a present transfer in trust of a remainder interest in the mortgage proceeds for the benefit of the church, retaining to herself a life interest in the proceeds. The transfer of the remainder interest was irrevocable, and, because it represented an attempt to make a present and absolute gift of the balance of the proceeds existing at the time of the testatrix’s death, the gift was not testamentary in nature. Id. The relevant facts in this case are indistinguishable from those in Tierce, and the documents in this ease establish that Mr. Cook’s transfer of the remainder interest was irrevocable and did not fail for lack of a present intent to create a valid gift.
Ms. Weeks also suggests that the transfer of the remainder interest failed for lack of delivery. This argument was raised in Tierce and was rejected. This Court noted in Tierce that, in discussing mortgage proceeds, it was not concerned only with intangible property not capable of manual delivery, but with a future interest in property, and it held “that the specification in the notes and mortgages of the interest to be conveyed and the subsequent recordation of these mortgages is a sufficient ‘symbolic’ or ‘constructive’ transfer to satisfy the delivery requirement in this case.” Id. at 459. Similarly, here the specification in the judgment, the note, and the mortgage of the interest to be conveyed, and the subsequent recordation of the judgment and mortgage satisfies the delivery requirement.
Acceptance of a gratuitous transfer may be implied in the absence of the do-nee’s contrary intention, and that acceptance is often presumed or implied in the transfer of notes. Tierce, supra. In light of these rules, and considering the intangible future interest transferred in the case before us, we conclude from these facts that an implied acceptance by the donees exists, there being no evidence of a contrary intention on the part of the donees.
In summary, the evidence before us establishes a valid inter vivos gift of a remainder interest in the proceeds under the mortgage. The requisite elements of intent, delivery, and acceptance are supported by undisputed evidence.
Ms. Weeks’s alternative argument is that, even if a valid gift of the balance under the mortgage was made, no balance remains to be paid to Mr. Weeks or to the Church because she, as executrix, accelerated the debt and foreclosed the mortgage. We disagree. According to the recorded judgment, the mortgage, and the note, Mr. Cook was to receive the payments until his death, at which time the appellees’ interest in the balance became a present interest and they became entitled to the monthly payments. Therefore, at his death, Mr. Cook’s life interest in the balance of the proceeds ceased, and he had no further rights to the payments due under the mortgage.
*1220 However, because Mr. Melech was in default when Mr. Cook died, the late payment owed to Mr. Cook became a debt due to his estate, and Ms. Weeks, as his executrix, was entitled to pursue foreclosure proceedings to recover the late payment in accordance with the terms of the note and mortgage. Ala.Code 1975, § 35-10-1. The estate, having no interest in the balance of the mortgage after Mr. Cook’s death, is not entitled to all of the proceeds from the foreclosure sale. Rather, under the terms of the note, the mortgage, and the judgment, Mr. Weeks and the Church are each entitled to one-half of the balance remaining on the mortgage at the time of Mr. Cook’s death, less the late payment due the estate. If the proceeds from the foreclosure sale were less than the balance remaining on the mortgage at Mr. Cook’s death, Mr. Weeks and the Church are each entitled to one-half of the proceeds, less the amount of Mr. Melech’s late payment due at the time of Mr. Cook’s death.
For the foregoing reasons, the trial court did not err when it entered summary judgments in favor of Mr. Weeks and Archbishop Lipscomb. Those judgments are affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.