GREY'S HEIRS *vs.* GREY'S ADM'RS.

1. An advancement is a provision made by a parent to his child, of money or property, the entire interest in which passes out of the former in his lifetime, though it is not necessary, in all cases, that it should take effect in possession before his death.

2. A promissory note executed by a child to his father, is, of itself, no evidence of an advancement; and it is error to allow it to go to the jury "as evidence of an advancement."

3. But parol proof is admissible to show a *subsequent* agreement between the payee and maker, by which the former parted with all interest in the money secured by the note, as an advancement to the maker.

4. A distributee of an estate who has released and abandoned all interest therein, which release has been entered of record, is a competent witness for the administrator, to prove an advancement to another distributee.

ERROR to the Court of Probate of Lawrence.

On the final settlement and distribution of the estate of Nathan Grey, deceased, it was suggested by the administrator, that one Daniel, who had married a daughter of the decedent, and whose wife was entitled to a distributive share of said estate, had received advancements from the intestate for which he had failed to account. The parties not being able to agree upon the value of such advancement, the judge proceeded to hear proof and determine the question himself. On this trial the administrator presented, and offered to read " as evidence to show a further advancement" than said Daniel had already accounted for, the following notes, viz:

"$151.—One day after date I promise to pay Nathan Grey one hundred and fifty-one dollars for value received, as witness my hand and seal, this October 7th, 1841.

JOHN DANIEL, [Seal.]"

"$150.—One day after date I will pay to Nathan Grey the sum of one hundred and fifty dollars for value received. Witness my hand and seal, October 6, 1841.

JOHN DANIEL, [Seal.]"

To the reading of these notes as evidence of an advancement, Daniel, by his counsel, objected; but his objection was overruled, and he excepted.

The administrator then offered the widow and James D.

16

Grey, a son of the deceased, to prove that the intestate intended the sum secured by said notes as an advancement to the maker. To the introduction of this proof Daniel objected, but his objection was overruled, and he excepted.

He then objected to the competency of Mrs. Grey, and James D. Grey, the widow and son of the deceased; but his objection was overruled, and he excepted.

James D. Grey was examined on his *voir dire*, before he was sworn in chief. On this examination, he admitted that he made a note to the intestate in his lifetime, for the sum of $399 $\frac{48}{100}$, dated 2d March, 1842, payable one day after date; that the administrator still held this note; that the sum secured by it was all he had ever received from his father, and that he had already abandoned all interest in his father's estate, and had caused such abandonment to be made a matter of record.

The errors here assigned are:

1. That the court received the notes of John Daniel "as evidence of an advancement;"

2. That the court received parol proof to show that these notes were intended as an advancement;

3. That James D. Grey was allowed to testify.

DAVID P. LEWIS, for plaintiff in error:

1. The notes are evidence of a debt, and not of an advancement. If an advancement, why were they retained by Grey and his administrator? It is submitted, that to constitute an advancement, Nathan Grey must have "divested himself of all property in the subject matter." 2 Williams on Executors, (top page,) 1074; 17 Mass. Rep. 353; Proctor v. Newhall, ib. 192; Barton v. Rice, 22 Pick. Rep. 508.

2. Parol evidence could not be admitted to show that the notes were intended as an advancement, thus varying the plain purport of a written document. Owen v. Henderson, 7 Ala. 641.

3. The proof shows that James D. Grey was not advanced, and was therefore entitled to a distributive share. If so, his renunciation of his share of the estate was voluntary. And he was not a competent witness to increase the value of that share by excluding Daniel, as his testimony did. Powell v. Powell, 10 Ala. 900.

THOMAS M. PETERS, contra :

1. It is true that a promissory note is, prima facie, but evidence of a debt; and between the parties to the instrument, this is the legal intendment. But this rule is confined to controversies arising on the instrument itself, and between the parties to it. When it comes collaterally in question, where a stranger to the instrument is a party, it does not apply. In such case, neither party is estopped from controverting it, or from proving facts which contradict or modify this legal intendment. Venable v. Thompson, 11 Ala. 147; Rex v. Scammonden, 3 Term Rep. 267.

2. The evidence first objected to was introduced, not to alter, contradict, or vary the terms of the written contracts, but only to explain the purpose for which they were given and were held. For this end the declarations of the intestate whilst they were in his possession were certainly competent. Hooper v. Edwards, 20 Ala. 528; 17 Ala. 109–362; 16 Ala. 318; 8 Ala. 650; 9 Ala. 382–869; 14 Ala. 777.

3. Moreover, it was certainly competent for the intestate, in his lifetime, to have furnished his son with the sums of money mentioned in the notes, as advancements, and the son might have given the father the notes in evidence of such advancements; and the father, at the time he received the notes, could have agreed with the son to hold them as evidence of such advancements. These facts would be admissible upon parol proof. Goddard v. Cutts, 2 Fairf. Rep. 442; 4 Phil. Ev. C. and H. Notes, 589, Note 294; Branch Bank Mobile v. Coleman, 20 Ala, 140; 1 Greenlf. Ev. 412, § 288, et seq. and notes; Brooks et al. v. Maltbie, 4 S. & Port. 96, 106, 109; Dwight v. Linton, 3 Rob. La. Rep. 57.

4. It appears from the decree of the court below and bill of exceptions, that James D. Grey had been advanced and did not choose to come into hotchpot, and that he had in open court abandoned all his interest in the estate to be distributed, before he was offered as a witness in the controversy touching Daniel's advancement. This was equivalent to a verdict and judgment against him, and rendered him competent. After his refusal to come into hotchpot, and renunciation of his interest, he was really not a parcener. He had no interest whatever, whether real or technical. And even

at law, where a suit is ended as to one of several defendants, and he has no direct interest in the event as to the others, he is a competent witness; and this rule is much more liberal in chancery, a jurisdiction more nearly allied to that of the Orphans' Court. Clay's Dig. 197, § 25, *et seq.*; 13 Ala. 777; Wilks, Adm'r, v. Greer et al., 14 Ala. 438; Hall v. Alexander, 9 Ala. 219; 1 Greenlf. Ev. 498, § 355 *et seq.* and notes; 1 Greenlf. Ev. 504, § 361 *et seq.* and notes.

5. The mere fact that the witness Grey was a party to the record, does not render him incompetent. The widow of intestate is equally a party to the record on final settlement and distribution of the estate, yet she is a competent witness in a contest in hotchpot among the other distributees. Andrews v. Hale, 15 Ala. 86; Stewart v. Conner, 9 Ala. 804.

LIGON, J.—1. An advancement, in the sense in which it is employed in our statute in relation to distributions, may be defined to be a provision, made by a parent for his child, of money or property, the entire interest in which passes out of the former in his lifetime; though it is not requisite, in all cases, that it should take effect in possession before the death of the parent. 2 Williams on Ex'rs, 923; 2 P. Wms. 440; Toller 380; 2 P. Wms. 445.

If the parent let the child have money, and take his note for the sum so due, it will be conclusive that, at the time the transaction took place, it was a loan, and not an advancement.

The notes in the case under consideration, as appears by the bill of exceptions, were offered by the administrator, and received by the court, " as evidence of an advancement." This was clearly erroneous. The notes, of themselves, are evidence of nothing, except that Daniel was indebted to the intestate in the sums severally secured by them; and the fact that they were held by the deceased at the time of his death, with no marks of cancellation, or memoranda indicating that he had parted with his interest in them, or in the money, the payment of which was secured by them, tends strongly to show that no advancement was intended, and that they are assets in the hands of the administrator.

2. But this presumption may be rebutted by parol proof, if the facts relied on relate to an agreement, either verbal or

written, entered into by Daniel and the intestate after the notes were made, and which would show that the intestate had parted with all interest in the money secured by the notes, to make a provision for his daughter and her husband. For this purpose the court might well admit parol evidence.

The bill of exceptions does not set out the parol evidence given in the court below, and consequently we cannot say that it erred in receiving it. It merely states that witnesses were offered to show that the intestate intended the amount secured by the notes before mentioned as an advancement to Daniel. But the facts deposed to by them, by which such intention was evinced, or from which it was to be inferred, are not given. Whether they were of the class just named, or whether they related to matters occurring before or at the time the notes were made, we are wholly uninformed. If they were of the former class, there was no error in admiting them to be proved by parol; but if of the latter, they were inadmissible, under the familiar and inflexible rule which declares, that if a written instrument is perfect in itself, it must be the sole expositor of the intention of the parties to it; and parol proof of an agreement between them, not reduced to writing, which is repugnant to the terms and intention expressed in the written instrument, cannot be allowed. Walker v. Clay & Clay, 21 Ala. Rep. 797; West & West v. Kelly's Ex'rs, 19 Ala. Rep. 353; Long, Adm'r, v. Davis, 18 Ala. Rep. 801. Neither would it avail to show, by parol, an unexecuted intention on the part of the intestate to make these debts an advancement to his son-in-law. Such an intention would neither divest the right of the intestate in his lifetime, nor his administrator after his death. The notes would be assets in the hands of the latter, which he would be bound to administer.

As the plaintiff here has not affirmatively shown error in this part of his case, we cannot presume it.

3. The witness James D. Grey is not, in our opinion, incompetent on the score of interest. He had voluntarily abandoned his interest in the estate of his father, and this abandonment is of record. He cannot be allowed hereafter to set up a claim to any portion of the estate in the hands of the administrator. He is not liable for costs, as the expenses

of administration and distribution are paid out of the funds of the estate. He has no interest in the fund on which the costs are properly chargeable, for, as we have said before, he has wholly released and abandoned whatever interest he ever had in the estate of his father, and this release and abandonment has been spread upon record, and must forever estop him from setting up any claim to distribution. It is true he is a debtor to the estate, from all that appears on this record, to the amount of his note exhibited by the administrator; but this cannot affect his competency as a witness in a litigation between a distributee and the administrator, relative to the portion of the former. Our conclusion, therefore, is, that the court did not err in permitting him to testify.

For the error first noted, the judgment of the Probate Court must be reversed, and the cause remanded.