[Robinson v. Moseley.]

# Robinson *v.* Moseley.

*Bill in Equity by Judgment Creditor of Husband, to set aside Conveyance to Wife as Fraudulent.*

1. *Conveyance by husband to wife; proof of consideration as against creditors; sufficiency of answer.*—When a conveyance of land by a husband to his wife is assailed by an existing creditor, the *onus* is on the grantee to establish a valuable and adequate consideration, and stricter and clearer proof is required than when the conveyance is between strangers; and when the answer admits the existence of the creditor's debt at the time the conveyance was executed, a formal denial of the charge of fraud and want of consideration is not sufficient, without additional averment of the facts relied on as constituting the consideration.

2. *Parol evidence contradicting writing.*—As between the parties to a written instrument and their privies, its recitals are conclusive, and neither can contradict them by parol evidence; but this rule does not apply to a note and mortgage executed by husband and wife to her father, so as to estop them from showing, in a subsequent contest with a creditor of the husband attacking a conveyance to the wife as fraudulent, that the money for which they were given was intended by the father as an advancement to his daughter, to be invested in the purchase of the land.

3. *Advancements to married daughter, as consideration for subsequent conveyance to her by husband.*—When a conveyance of lands by a husband to his wife is assailed by creditors, its validity can not be sustained on the ground that the consideration was moneys received by the husband at different times from the wife's father, as advancements to her, when the evidence shows that the notes of the husband were always given for the moneys received by him, and in one instance the note of husband and wife, secured by mortgage on the land bought with it, and that the moneys were intended for the benefit of the wife as advancements only in the event that the other children had received, or should receive, on their father's death, equal amounts.

APPEAL from the City Court of Decatur, in equity.

Heard before the Hon. WM. H. SIMPSON.

The bill in this case was filed on the 10th January, 1890, by William Moseley, as a judgment creditor of John D. Robinson, against said Robinson and his wife; and sought to set aside a conveyance of land by said Robinson to his wife, on the ground of fraud, and to subject the property to the satisfaction of complainant's debt. The complainant's judgment was for $1,533.49, and was rendered on the 5th June, 1889; the action being founded on the defendant's promissory note for $1,300, dated March 7, 1887, and payable one day after date. The conveyance executed by said John D. Robinson to his wife,

[Robinson v. Moseley.]

which was dated July 16, 1887, recited a present considera-
tion of $4,000 paid, and conveyed a tract of land containing
about 600 acres, a half interest in other lands containing 400
acres, besides certain mineral rights in other lands, and the
grantor's "entire personal property," without any descirptive
words. On final hearing on pleadings and proof, the court
rendered a decree for the complainant; and this decree is here
assigned as error, with certain rulings on evidence.

WM. RICHARDSON, and JNO. D. BRANDON, for appellants.

BRICKELL, HARRIS & EYSTER, SEMPLE & GUNTER, *contra*.

McCLELLAN, J.—This is a bill exhibited by William Mose-
ley, a creditor of John D. Robinson, to subject to the satisfac-
tion of his debt certain lands conveyed by the latter to his
wife, Mary E. Robinson, the other respondent and appellant.

The bill in its first, second, third and fourth paragraphs,
alleges, in substance, that complainant's debt against Robinson
was contracted on March 7, 1887; that suit was commenced
thereon September 16, 1887; that judgment was rendered in
that suit on June 5, 1888, and the issue of execution thereon
which was duly returned "no property found;" that when said
debt was contracted, Robinson was seized and possessed of a
large amount of property, real and personal, including the
land sought to be subjected; and that on July 16, 1887, after
the debt had been contracted, he conveyed all this property to
his wife and co-defendant, Mary E. Robinson, by a deed which
is made an exhibit to the bill in paragraph four. The fifth
paragraph alleges that this conveyance was voluntary, exe-
cuted with intent, on the part of both grantor and grantee, to
hinder, delay and defraud the creditors of the husband, and
was fraudulent and void as against the pre-existing debt of
the complainant. The defendants answer jointly that "they
admit the allegations contained" in paragraphs one, two, three
and four of the bill. They thus admit that the indebtedness
to the complainant averred in the bill, and reduced to judg-
ment before bill filed, antedated in point of existence the con-
veyance by the debtor to his wife and co-respondent, of sub-
stantially all his property, real and personal. These aver-
ments, thus admitted, and these admissions, thus made, cast
the burden on the grantee, Mrs. Robinson, to show by appro-
priate. averment, supported by strong and convincing evi-
dence, the more strong ond convincing in view of the
marital relation existing between grantor and grantee,
that she paid an adequate and valuable consideration for the

[Robinson v. Moseley.]

conveyance. To the lifting of such burden, affirmative averment of the facts relied on as constituting the consideration is as essential as convincing proof of their existence. The laboring oar was upon the defendant, not simply to deny the negative averment, that there was no consideration, contained in the fifth paragraph, but to state the affirmative fact, that there was such consideration, in what it consisted, and how it was paid; and to support these averments by evidence. Otherwise the answer does not apprise the complainant of the line of defense which will be resorted to, nor afford him that opportunity for preparation to meet it which is a leading purpose of all pleading, and which the complainant is always entitled to with respect to a matter of defense affirmative in character, and relied on to defeat and overturn a *prima facie* case made by the bill and admissions of the answer.

It is said by Mr. Daniell to be "of great importance to the pleader, in preparing an answer, to bear in mind that, besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff by his answer of the nature of the case he intends to set up, and that too in a clear, unambiguous manner; and, in strictness, he can not avail himself of any matter of defense, which is not stated in his answer, even though it should appear in evidence."—1 Dan. Ch. Pl. and Pr. 711–713. "The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence can not be adduced of facts outside of these issues."—1 Brick. Dig. p. 717, § 1115. To like effect are the following authorities:— *Vogle v. Ripper*, 86 Amer. Dec. 298; *Price v. Tyson*, 22 Amer. Dec. 283; *Burkham v. Dalling*, 18 N. J. Eq. 132; *Cummings v. Coleman*, 62 Am. Dec. 402.

Instead of meeting the *prima facie* case of complainant by independent averment of the facts which constitute the only defense open to the grantee, the pleader has contented himself with a bare denial of "the allegations contained in paragraph 5 of said bill," and a requirement of "strict proof thereof." The allegations of paragraph 5 are those which charge that the conveyance from Robinson to his wife was without consideration, and made to hinder, delay and defraud the grantor's creditors. These were averments which, in view of the admissions of the answer, were to be taken as true without any proof whatever on the part of the complainant. The real issue tendered by them was consideration *vel non*, and upon this the affirmative was with the defendant, and the

negative with the complainant. Without any proof on this issue, the complainant was entitled to the relief he prayed, and the defendants were cast. The facts to be proved were not laid in the bill, and could not have been except by the complainant stating himself out of court, a *felo de se* in pleading. ·They had to be injected into the case by the answer—the defendant being in legal contemplation the actor in respect to them—and to be sustained by defendant's evidence. In the absence of such averments in the answer, the facts upon which alone any defense could be based are not in issue; but only a denial of a negative, and a requirement of "strict proof" of that negative, standing, as it does, confessed for all practical purposes. And it is but the application of the familiar principle, that there can be no proof of facts not alleged, to hold, as we do, that under this answer it was not open to the defendants to show either that Robinson was indebted to his wife to the amount of the recited consideration, and executed the conveyance in satisfaction of that debt, or that he invested her funds in the lands involved here, and conveyed it to her in execution of a trust; and it is of no consequence that evidence, in point of fact, was adduced in support of both of said contentions.

The action of the Chancellor in granting relief to complainant might well be rested on the foregoing considerations, but must not be. Our opinion is, that had the answer set up the facts essential as a predicate for proof that there was a valuable and adequate consideration for the conveyance, the evidence does not sustain them. The *onus* of proving the existence and *bona fides* of such consideration rested, as we have said, upon Mrs. Robinson.—*Pollak v. Searcy*, 84 Ala. 259; *Calhoun v. Hannon*, 87 Ala. 277; *Lehman v. Greenhut*, 88 Ala. 478; *Savings Bank v. McDonnell*, 89 Ala. 434. And where the contract is between near relations, as husband and wife, father and son, and the like, it will be subjected to a closer scrutiny, and a greater measure of proof will be required to support it, than if the parties to it were strangers.—Cases *supra; Wedgworth v. Wedgworth*, 84 Ala. 274; *Owens v. Hobbie*, 82 Ala. 466; *Moog v. Farley*, 79 Ala. 246.

The effort of the grantee was to show that her husband owed her a sum of money greater than the consideration of the deed, and that the land was conveyed to her in satisfaction, *pro tanto*, of this indebtedness. This indebtedness, it was insisted, arose in large part, if not entirely, from advancements made by Mrs. Robinson's father, Archie McDonnell, to her husband for her, or to her through her husband, and which

[Robinson v. Moseley.]

were retained and used by the husband. It was shown that McDonnell, in each instance of payments to Robinson, which are now claimed to have been advancements, took the promissory note of Robinson for the repayment of the money, and that in one instance, the amount involved being one thousand dollars, the note was signed also by Mrs. Robinson, and secured by a mortgage on certain land, which the money went to purchase, executed by both Mr. and Mrs. Robinson. Parol evidence was offered to show that, the notes and mortgage to the contrary notwithstanding, the transactions involved advancements to Mrs. Robinson, and not a debt of Robinson, or Robinson and wife, to Mr. McDonnell. The Chancellor excluded all this evidence, on the ground that parol evidence was not admissible to thus vary or contradict these written evidences of indebtedness. This, we think, was a misapplication of the familiar rule in question. The controversy here was not between parties to the writings, but really between Mrs. Robinson on the one hand and William Moseley on the other. Mrs. Robinson was a party to the mortgage and to one of the notes, and it may be conceded, at least for all the purposes of the point we are considering, that she would be bound as privy to her husband on the other notes. But Moseley was an utter stranger to all of them. The rule against varying or contradicting writings by parol obtains only in suits between, and is confined to, parties to the writings and their privies, and has no operation with respect to third persons, nor even upon the parties themselves in controversies with third persons.—Stephens' Dig. Ev. Art. 92; 1 Greenl. Ev. § 279; *Edgerly v. Emerson*, 23 N. H. 555; *Lehman Bros. v. Howze*, 73 Ala. 302; *Talbert v. Wilkins*, 31 Ark. 311; *Hupman v. Wilkie*, 50 Cal. 250; *Brown v. Thurber*, 58 How. Pr. 95; *McMaster v. Ins. Co.*, 55 N. Y. 222; *Lowell Man. Co. v. Safeguard Ins. Co.*, 88 N. Y. 591; *Reynolds v. Mayness*, 2 Ired. 26.

The doctrine is thus stated in the case last cited: "The rule of evidence, that where the parties to a contract have reduced their agreement to writing, parol evidence shall not be received to alter or contradict the written instrument, applies to controversies between the parties and those claiming under them. The parties have constituted the written instrument to be the authentic memorial of their contract; and because of this compact, the instrument must be taken, as between them, to speak the truth and the whole truth in relation to its subject-matter. But strangers have not assented to this compact, and therefore are not bound by it. Where their rights are concerned, they are at liberty to show that the written in-

[Robinson v. Moseley.]

strument does not disclose the full or true character of the transaction. And if they then be at liberty, when contending with a party to the transaction, he must be equally free when contending with them. Both must be bound by this conventional law or neither." To the same effect are other cases cited above, and *Smith v. Moynham*, 44 Cal. 53.

Our own decisions are full to the point. Thus in an opinion by ORMOND, J., it is said : "There can be no doubt that, in an action by the plaintiff against Strain [the witness who had executed a bill of sale to plaintiff with warranty] upon this warranty, he would not be permitted to show that he did not intend to bind himself, but was acting as the agent for another person. But this rule is confined in its operation to the parties to the written instrument; where it comes in question collaterally, in a suit in which a third person, a stranger to the writings, is a party, neither party is estopped from contradicting it, or from proving facts inconsistent with it."— *Venable v. Thompson*, 11 Ala. 147. And so it is declared in an opinion by BRICKELL, C. J., that "the rule that parol evidence shall not be received to contradict or vary the terms of a written instrument, applies only in controversies between the parties to such instrument, or their privies."— *Cunningham v. Milner*, 56 Ala. 522. And the same doctrine is declared by CLOPTON, J., in *Coleman v. Pike County*, 83 Ala. 326.

This case is clearly distinguishable from those of *Grey v. Grey*, 22 Ala. 233, and *Fennell v. Henry*, 70 Ala. 484, cited by the Chancellor, as requiring the exclusion of the parol testimony offered here. The controversy in those cases was between the parties to the writings, or those claiming under or in privity with such parties, and what is there decided can have no application to a controversy like the present one between a party or privy and a stranger.

Whether the parol evidence, thus offered and excluded, was *sufficient* (assuming the requisite averments to have been made) to show that these sums were advancements to the daughter, and not loans to the son-in-law, and that the transactions imported a debt from Robinson to his wife, and not from Robinson to his father-in-law, is another and different question. The evidence does not satisfy us that an advancement was in fact made. The utmost that can be affirmed of it is, that it shows the several sums which passed from Mr. McDonnell to Robinson were intended to go to the benefit of Mrs. Robinson as advancements, in the event, and only in the event, that the other children should have received, or should receive, at the time of their father's death, sums equal to the aggregate thus received by Robinson. There were several

other children, and it is not shown what they have received. McDonnell still survives, and it can not be known what estate there will be for distribution at his death, nor does it appear even what estate he now has. It is quite manifest that, giving the evidence the broadest signification favorable to the appellants, there remains a contingent liability on Robinson to repay at least a large part of the sums he now claims to owe his wife, to his father in-law. It is clear that the notes and mortgage were not taken as mere memoranda of advancements, to be used only in determining their amount on distribution, but the real purpose was to enforce their collection in certain contingencies, a purpose entirely at war with the theory of an advancement, which is an absolute and irrevocable gift, to be brought finally in *hotchpot*, it is true, in measuring distributive shares, but never for the purpose of re-distribution; for it constitutes no part of the estate to be distributed, the donee does not have to refund any part of it, though it exceeds his distributive share, nor does he relinquish his title by bringing it into *hotchpot*.—1 Am. & Eng. Ency. of Law, pp. 216–7, 223; *Yunnell's Appeal*, 13 Pa. St. 575; *Black v. Whitall*, 9 N. J. Eq. 572; *Fennell v. Henry*, *supra;* *Grey v. Grey*, *supra*.

Here, the money paid to Robinson was a part of McDonnell's estate. Robinson was under obligation to pay a greater or less part of it to his wife's brothers and sisters in a certain contingency. Until the happening of that contingency, which could not occur until after McDonnell's death, it could not be known how much of the fund belonged to Mrs. Robinson. In the meantime she had no claim against her husband; he owed her no debt. Had he been removed from the trusteeship of her estate, and been called upon by his successor to account and pay over these sums, he could well have replied his contingent liability to McDonnell's distributees, which had first to be met before his wife had any enforceable claim against him. No court could have determined the amount of his prior liability, nor the sum which he would finally owe her. The *onus* in this case is on Mrs. Robinson to show, by clear and convining evidence, a valuable and adequate consideration for the conveyance to her. She seeks to discharge this burden by proof of a debt from the grantor to her, the amount of which, on the aspect of the evidence most favorable to her, is wholly indefinite and indeterminable, and the maturity of which in any amount is wholly conjectural. This falls very far short of proof of that valuable and adequate consideration for the conveyance, which the law requires of her. She has failed to discharge the burden cast upon her, and the conveyance can not

be sustained as against the pre-existing debt of the complainant against her grantor.

With respect to the other line of defense attempted in this record, little is said in the arguments of appellant's counsel, and we need not enter upon a discussion of it. It will suffice to say that neither averment nor proof warrant us in reaching the conclusion that the lands involved here were purchased by Robinson for his wife, or paid for with her means taking title to himself, and in sustaining the deed by him to her as in execution of a trust which a court of equity would have enforced.

It follows that, in any aspect of this case, whether reference be had to the defect pointed out in the pleadings, or, that being pretermitted, the decree be reviewed on the evidence, there is no error in the record prejudical to the appellant; and the decree is affirmed.