## COTTON v. COTTON. (4 Div. 211.)

(Supreme Court ·of Alabama. May 14, 1925. Rehearing Denied June 18, 1925.)

1. **Evidence** ⇐⇒187—Burden of showing incompetency of testimony under best evidence rule rests on party objecting to its admission.

Notwithstanding Code 1923, § 6565, obviating necessity of objections to testimony offered, as testimony as to decree of divorce, though not best evidence, in view of records of court rendering decree, was relevant and material, and only incompetent sub modo, burden of showing incompetency of such testimony under best evidence rule rested on party objecting to its admission.

2. **Executors and administrators** ⇐⇒194(5)— Evidence held to sustain finding that petitioner was lawful widow of deceased, entitled to have exemption set apart to her.

On petition by alleged widow to have exemptions set apart to her, dispute being as to whether she had been legally divorced from former husband, certificate of deputy register, authenticating decree purporting to modify decree of divorce, and permitting petitioner to marry again, together with other testimony, *held* sufficient to sustain finding that petitioner is lawful widow of deceased.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Petition in equity by Lena S. Cotton for removal of administration of the estate of J. R. Cotton, deceased, from the probate court to the circuit court in equity, and to have exemptions set apart to her as the widow. From the decree, the defendant J. M. Cotton, as administrator of the estate of J. R. Cotton, deceased, appeals. Affirmed.

E. C. Boswell, of Geneva, for appellant.

It was not necessary that appellant object to testimony in this case. Acts 1923, p. 631. Production of the divorce decree should have been required; parol proof of it was inadmissible. The best evidence obtainable should be produced. 6 Mayfield's Dig. 336; McEntyre v. Hairston, 152 Ala. 251, 44 So. 417; Laster v. Blackwell, 128 Ala. 145, 30 So. 663; Agee v. Messer-Moore Co., 165 Ala. 297, 51 So. 829; Powers v. Hatter, 152 Ala. 636, 44 So. 859; Ala. Const. Co. v. Meadow, 143 Ala. 336, 39 So. 216.

Mulkey & Mulkey, of Geneva, for appellee.

The permit to appellee to marry again is regular on its face, and it will be presumed that there was a formal petition and proof, and a prior decree of divorce.

SAYRE, J. The appeal is from a decree of the circuit court of Geneva, sitting in equity, confirming the report of the register, which in turn confirmed the report of appraisers setting apart to appellee, as widow of J. R. Cotton, deceased, homestead and personal exemptions. The question now to be·determined, duly raised in the first instance by exception to the register's report, is whether appellee is the lawful widow of deceased.

There may be more than one consideration that would suffice to sustain the ruling in the trial court, which was that appellee was the lawful wife and is the lawful widow of J. R. Cotton, deceased. We need state one of them only.

[1] In 1914 appellee intermarried with one Taylor. Appellee testified in the trial court that Taylor, on his bill, had procured a decree of divorce from her prior to 1917, no objection to her testimony being interposed

⇐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on any ground, and that afterwards she was allowed to marry again by a decree of the court dated from Enterprise. Now, renewing an objection made for the first time in his exceptions to the register's report, appellant, referring to the act of September 28, 1923 (Acts, p. 631), now section 6565 of the Code, raises objection to this testimony as to the divorce on the ground that there was better evidence in the records of the court rendering the decree which should have been produced, and in the absence of which appellee's testimony should not have been considered. The statute referred to does provide that in the trial of any case in equity "it shall not be required or necessary that objection be made to any testimony which may be offered by either party," and that, on consideration of any cause in the trial court or in this court on appeal, "the court shall consider only such testimony as is relevant, material and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial or incompetent, whether objection shall have been made thereto or not, * * * and it shall not be required or necessary for either the trial court or the Supreme Court to point out or indicate what testimony, if any, should be excluded or not considered," thus imposing on the courts the burden of casting about for questions of admissibility which parties may not have suspected or have been willing to waive. But the court, while observing the statute, is under no duty to spread the trap for unwary litigants beyond the language employed in its enactment. The testimony here in question was neither irrelevant nor immaterial. It was incompetent sub modo.

[2] The "best evidence" rule affects the competency of evidence; but competency within the meaning of that rule, like the competency of witnesses, often depends on proof of facts not apparent on its face, and the burden of showing incompetency in such cases rests upon the party objecting to the admission of the evidence. In the case presented by the record, it will be conceded of course that presumptively there was a record of the divorce proceeding and that prima facie the evidence offered by appellee was incompetent; but appellee produced a certificate purporting to emanate from the branch of the circuit court at Enterprise under the sign manual of a deputy register at that point—a de facto deputy at least—and, if a genuine document, authenticating a decree of the circuit court of Coffee of date August 5, 1918, by the terms of which appellee was allowed to contract marriage again. If this certificate was a genuine document, then the decree of which it purports to evidence a modification was rendered in the court at Enterprise, because that was the only place at which to apply for a modification of a previous decree rendered in that branch of the court. And, further, the deputy register testified that the certified copy of the decree permitting appellee to marry again was a correct copy of the original in the court at Enterprise, that "no decree was ever granted of this nature in that court without a petition and a certified copy of the divorce decree attached thereto," and that since that time all the chancery files and records at Enterprise had been destroyed by fire. It is to be presumed that the court would not have entered a decree of modification without a competent knowledge of the decree so modified.

Thus it appears that the whole case turns ultimately upon the question of the honesty of the certificate put in evidence by appellee; that certificate, if genuine, being the best available evidence of the decree on which appellee relied to sustain her contention that she was the lawful widow of J. R. Cotton, deceased, her formal marriage with him not being the subject of reasonable doubt. Appellant strongly suspects that appellee has availed herself of the fact that the records of the court at Enterprise were destroyed as the basis for a false and fraudulent assertion as to the decree of divorce and its subsequent modification. But appellant is hardly able to state more than grounds of suspicion, which, though grounds of suspicion according to his view of the case, are reconcilable with the findings of fact underlying the decree under review. The decree, on the other hand, is supported by the affirmative testimony of witnesses—one witness at least, the deputy register at Enterprise—and we have been unable to bring our minds to the conclusion that the decree under review was founded in error.

Accordingly it will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.