181 So. 247

## W. T. RAWLEIGH CO. v. GAINES et al.

### 7 Div. 476.

Supreme Court of Alabama.

March 31, 1938.

Rehearing Denied May 26, 1938.

200

Victor Vance, of Gadsden, for appellant.

David C. Byrd and Rains & Rains, all ·of Gadsden, for appellees.

BOULDIN, Justice.

The original bill was filed by appellees to cancel a sheriff's deed to real estate as a cloud upon the title of complainants.

The bill discloses the lands were levied · upon and sold under execution as the property of Joe F. Gaines.

It further avers: "That on March 11, 1936 and for several years prior thereto Complainants were in the open and noto- ' rious possession and occupation of said above land as the owners and holders of legal title thereto, which they acquired on to-wit, January 29, 1932, by deed from Joe F. Gaines and wife, L. N. Gaines and they have not parted with said title since acquiring it."

It elsewhere appears March 11, 1936, was the date judgment was recovered by appellant against Joe F. Gaines for debt and costs upon which the execution was issued.

Appellant, respondent to the original bill, filed answer and cross-bill seeking a cancellation of the deed from the judgment debtor to his children, the complainants.

The answer and cross-bill alleged: "That any deed they may have from Joe F. Gaines was voluntary and without consideration and made to hinder, delay or defraud Respondent in collecting of said claim against Joe F. Gaines."

Further allegations disclose that cross-complainant was an existing creditor of the grantor when the deed was made to his children, that it was withheld from record until judgment was recovered and certificate thereof filed and recorded in office of the judge of probate; that the property had been assessed for taxes in the name of the grantor down to the tax year beginning October 1, 1935, sometimes assessed by himself and sometimes by one of his sons, cross-respondents.

The anwer to the cross-bill, and each paragraph thereof, is in these words: "That they [cross-respondents] are not sufficiently informed as to the truth of the averments thereof, but that they deny all of the material allegations therein and demand strict proof of same."

The evidence disclosed that the grantor had prior to the execution of the deed to his children become a surety or guarantor for another on a buyer's and seller's contract for handling Rawleigh Products; that the demand on which judgment was

finally recovered accrued a few weeks before the deed was made. The deed recites a consideration of "One Dollar cash in hand and other good and valuable considerations."

The cross-bill was entirely sufficient as a bill by an existing creditor to cancel a voluntary conveyance from parent to child.

The burden was clearly upon cross-respondents by proper averments and proof to show a valuable consideration, and in what it consisted.

The answer, disclaiming knowledge of matters directly within the knowledge of cross-respondents, was wholly insufficient to present such an issue. R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112 So. 528; Davis v. Harris et al., 211 Ala. 679, 101 So. 458.

The merely nominal consideration of $1, if paid, for 400 acres of land, including a farm of 222 acres in cultivation, is wholly insufficient to remove such conveyance from the infirmity of a voluntary conveyance. London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Stidham et al. v. Downs et al., 223 Ala. 519, 137 So. 305; Schwab v. Powers et al., 228 Ala. 205, 153 So. 423.

Apart from insufficiency of the answer to the cross-bill touching "other valuable considerations," the evidence of same is not of that clear and convincing character required in cases of this sort. That the grantors were to remain on the farm during their lives, that the grantees were to support them, that accordingly the grantees did manage the farm, and support the grantors, if sufficiently proved in general terms, but with no details as to what outlays were made, nor as to amount of income from the farm coming into the hands of the grantees, does not sustain the defense of a valuable consideration in cases of this character. In equity such transaction was no more than a gift of the property retaining a home and sustenance therefrom during life.

We think the evidence sustains a finding that cross-complainant had actual notice of this outstanding deed when judgment was recovered. We need not consider whether the cross-bill properly raises such issue.

We are impelled to hold the trial court in error in canceling the sheriff's deed and denying relief on the cross-bill.

We are not disposed to render a decree here as requested by appellant.

While present pleadings do not present the rights of the grantees in so far as the lands constituted the homestead of the grantors, we think, in view of the probable value of this tract of land, which, as a whole sold at execution sale for $1,024.29, the cause should be remanded that cross-respondents may have an opportunity to proceed as they may be advised to assert their rights under the conveyance to such portion of the lands as were not subject to the payment of debt, and therefore the proper subject of a gift.

What other equities the grantees may assert on doing equity themselves, maybe by paying the judgment, we do not consider other than in dealing with the propriety of remanding the cause.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.