189 So. 64

**UMPHREY v. BARFIELD et al.**

**4 Div. 3.**

Supreme Court of Alabama.

May 11, 1939.

Farmer, Merrill & Farmer and G. M. Harrison, all of Dothan, for appellant.

J. N. Mullins, of Dothan, for appellees.

KNIGHT, Justice.

The bill in this cause was filed by complainant, appellant here, seeking to have a certain mortgage executed by the respondent, Grady Barfield, to his wife, Thelma Barfield, declared fraudulent and void as against an indebtedness due and owing by said Grady Barfield to the complainant.

It is averred in the bill that the complainant's demand against the said Grady Barfield existed at the time of the execution of the mortgage in question, though the judgment obtained thereon was not rendered until some months after the mortgage was executed and recorded. To be specific, it is averred that the cause of action accrued to complainant against the said Grady Barfield on April 6th, 1934, and the judgment was rendered on March

4, 1935, while the mortgage bears date October 6, 1934, and was filed for record on same date. By this mortgage the husband undertook to convey certain real estate—in fact all of his real estate—to his wife to secure a recited indebtedness of $3000.

The bill charges: (a) "That the said alleged consideration expressed and recited in said mortgage is fictitious and simulated, and that the said conveyance was voluntary and without consideration."

In this respect, the equity of the bill is rested upon the theory there was in fact and truth no consideration for the mortgage. The complainant being an existing creditor at the time the conveyance by the husband to the wife was executed, the burden of averment and proof was shifted to the respondent, grantee, to show by appropriate averments, supported by strong and convincing evidence, that she paid an adequate and valuable consideration for the conveyance, or, to state it more aptly, that the mortgage was supported by an adequate and valuable consideration.

■■■ "In order to lift this burden, however, the affirmative averments of the facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. The respondents in order to be accorded the advantage of evidence offered in support of the bona fides of the transaction should have alleged in their answers the facts showing good faith, the actual payment of an adequate consideration, how, when, and in what the consideration was paid * * *. The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues." Gamble v. C. Aultman & Co., 125 Ala. 372, 376, 28 So. 30, 31; Freeman v. Stewart, 119 Ala. 158, 24 So. 31; Noble v. Gilliam, 136 Ala. 618, 623, 33 So. 861; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Smith v. M. C. McAdams & Co., 207 Ala. 118, 92 So. 411; Davis v. Harris et al., 211 Ala. 679, 101 So. 458; R. W. Allen & Co. v. Sands, 216 Ala. 106, 112 So. 528; Harrison v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513; Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504; Woody v. Tucker, Willingham & Co., 215 Ala. 278, 110 So. 465; W. T. Rawleigh Co. v. Gaines, 236 Ala. 199, 181 So. 247; Williams, Superintendent of Banks, v. Ellington, 233 Ala. 638, 172 So. 903; Williams, Superintendent of Banks, v. Mahone et al., 236 Ala. 94, 182 So. 464.

■■■ The respondents, Barfields, are husband and wife, and while this relationship is not within itself a badge of fraud, "yet under all the authorities, supported by reason and common sense," transactions between persons occupying such relationship are to be jealously watched and must be subjected to closer scrutiny than would be required of a stranger. Murphy v. Pipkin, 191 Ala. 111, 67 So. 675; Buell v. Miller, 224 Ala. 566, 141 So. 223; Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50.

■■■ The respondents, Grady Barfield and Thelma Barfield, in their answer admit their relationship; admit the execution of the mortgage; but neither admit nor deny that the complainant secured a judgment against the said Grady Barfield, but deny that the cause of action, upon which any such judgment was obtained accrued prior to the execution of said mortgage. They make no averments in their answer as to the facts relied on as constituting the consideration of the mortgage, nor are there any averments as to when, or how, any consideration was paid, nor of what, if anything, it consisted. No averment of any facts to show good faith in the transaction is contained in the answers. Nowhere in the answers are to be found any affirmative allegations of defense, but to the contrary they contain only general denials of the allegations of the bill. In these circumstances, whether the evidence does, or does not show a valuable consideration is not a question of moment, for lack of appropriate averments in the answer. Noble et al. v. Gilliam, supra; Robinson v. Moseley, supra; Gamble v. C. Aultman & Co., supra; Wimberly v. Montgomery F. Co., 132 Ala. 107, 31 So. 524.

The complainant by the allegations of her bill, and proof submitted and noted, made out a prima facie case which entitled her to the relief prayed and respondents wholly failed to meet this prima facie showing by proper allegations, and proof submitted in support thereof. The court, therefore, committed error in not granting complainant the relief prayed.

■■■ Moreover, if the answers of the named respondents had properly presented an issue as to the bona fides of the transaction, we would still reach the same con-

14

clusion, viz., that the conveyance was fraudulent and void as against the claim and demand of the complainant. The bill, and the evidence offered in support thereof, showed that the complainant was an existing creditor of the said Grady Barfield at the time he made the conveyance to his wife. The burden of proof was thus shifted to the respondents to establish by strong and convincing evidence that an adequate and valuable consideration was paid for the conveyance. This the evidence wholly fails to do. To be sure the husband and wife both testify that such consideration was paid, but the inherent improbabilities of their testimony deprive the same of all probative force. "Evidence, even though uncontradicted, need not be accepted as proof of a fact, when it is contrary to all reasonable probabilities of the case." 14 Ency. of Evidence, p. 132; Williams, Superintendent of Banks, v. Ellington et al., supra.

We are fully persuaded, after a most careful consideration of the evidence, that the conveyance under attack was without consideration, and was conceived and executed for no other purpose than to prevent the complainant from enforcing the payment of her lawful and just demand out of the property of the respondent Grady Barfield. It must be, and is, therefore, held to be null and void as against complainant's said demand. The lower court committed error in sustaining the validity of said conveyance, and for this error the decree must be reversed.

A decree will be here accordingly entered fixing the amount of the complainant's debt at $1250, with interest thereon at six per cent per annum, and $48.65, the cost incurred in the law case in the Circuit Court of Jefferson County, and requiring the said amounts to be paid by the said Grady Barfield within sixty days from this date; and fixing and establishing an equitable lien in favor of the complainant upon the lands described in the bill, to the full extent of the interest of the said Grady Barfield therein prior to the execution of the purported mortgage thereon to his said wife; and ordering that if said amounts herein fixed and decreed are not paid within sixty days from this date, that the register shall sell all the said interest of Grady Barfield in said lands at public sale, after due and legal advertisement as in cases of sale of lands under execution; and the proceeds of said sale shall be applied, first, to the payment of the costs of this litigation; second, to the payment of the amounts above ascertained to be due and owing to the complainant, including interest on the $1250 to the day of sale, and the balance, if any, paid over to the respondent Thelma Barfield.

This cause is remanded to the circuit court with directions that the decree here rendered be carried into effect.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.