192 So. 899.

### DES PORTES v. HALL et al.

### 5 Div. 307.

Supreme Court of Alabama.

Dec. 1, 1939.

Rehearing Denied Jan. 18, 1940.

---

[1] Ante, p. 219.

[2] Ante, p. 2.

Denson & Denson and L. J. Tyner, all of Opelika, for appellant.

Jacob A. Walker, of Opelika, for appellees.

644

BOULDIN, Justice.

██ A bill filed by an existing creditor to vacate a deed to lands, made by the debtor to his wife and son and to subject the lands to the payment of the debt, alleging the recited consideration was simulated, that in fact the conveyance was voluntary, without valuable consideration, states a case of constructive fraud. On proof of the existence of the indebtedness to complainant at the time the deed was executed, the burden is upon the parties to the deed, by proper averment and proof to make out an affirmative defense, the fact of a valuable consideration,

██ By a long line of decisions this court has held a mere denial of the averments of the bill, or general averments of a valuable consideration in the answer, is insufficient to present an issue; that affirmative averments of the facts relied upon to show a valuable consideration is as essential as satisfactory evidence of such facts.

Many cases are cited in Umphrey v. Barfield, ante, p. 11, 189 So. 64.

The particularity with which the facts shall be averred in the answer is defined in varying terms.

Thus in Gamble et al. v. C. Aultman & Co. 125 Ala. 372, 28 So. 30, 31, it is said the answer must show actual payment of a valuable consideration "how, when, and in what the consideration was paid."

In Robinson v. Moseley, 93 Ala. 70, 9 So. 372, it was held: The laboring oar was upon defendant not simply to deny the negative averment of the bill that there was no valuable consideration, "but to state the affirmative fact that there was such consideration, in what it consisted, and how it was paid. * * * 'The answer must put in issue all the facts which defendant relies on in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues.'"

The basis of the rule casting the burden on the parties to the deed is that the facts touching the consideration are peculiarly within their knowledge; and the requirement that the answer disclose facts relied upon is to advise complainant of the affirmative line of defense he shall prepare to meet. Robinson v. Moseley, supra, and cases cited in Umphrey v. Barfield, supra.

██ It is not intended that the answer shall set out all the details of the proposed evidence; that the general rules of good pleading are to be ignored, and these cases put in a class all to themselves.

The trial court heard the witnesses orally in court and denied complainant relief.

That the complainant was an existing creditor of the grantor when the deed was made was unquestioned.

██ The main argument on this appeal is that the answer was insufficient to present the issue of a valuable consideration, under the rule of our cases; that proof without averments will not sustain the defense as against the prima facie case made by the bill supported by proof of the grantor's existing indebtedness to complainant. The indebtedness to complainant by waive note was incurred in August, 1938.

The deed in question was executed in October, 1938.

The debtor, Elmer T. Hall, thereby conveyed to Ruth M. Hall, his wife, and Horace Jefferson Hall, their minor son, a tract of 240 acres, on a recited consideration of $50 and other valuable considerations.

The answer averred that this tract, at the time the indebtedness to complainant was incurred, and at the time the deed was made, was the homestead of the grantor. 160 acres of the tract, described in the answer, alleged not to exceed, in value $2,000, was claimed as exempt to respondents.

Touching the consideration for the deed, the answer alleged: "These respondents further aver that there was a valuable consideration for said deed from Elmer T. Hall to Ruth M. Hall and Horace Jefferson

Hall, said consideration consisting in this: In the year 1931, Elmer T. Hall acquired said real estate as described in the bill by deed from C. F. McCoy, agreeing to pay him therefor the sum of Three Thousand Dollars and paying him cash at the time that he secured deed from the said C. F. McCoy the sum of Fifty Dollars and agreeing to pay the balance of said purchase price in deferred annual installments; that the only consideration in fact paid by Elmer T. Hall for said property was the sum of Fifty Dollars, for which amount he was later reimbursed by Ruth M. Hall; that Elmer T. Hall lost his health and was unable to do any work of any kind and Ruth M. Hall paid said annual installments of purchase price on said property as the same became due, paying the full amount of said purchase price for said premises to the said C. F. McCoy except the said sum of Fifty Dollars as above set out. And respondents aver that the payment of said Fifty Dollars to the said Elmer T. Hall and the payment of the balance of said purchase price, to-wit, Two Thousand Nine Hundred Fifty and No/100 Dollars, to the said C. F. McCoy was the consideration of said deed from Elmer T. Hall to Ruth M. Hall and Horace Jefferson Hall."

This answer disclosed a payment by the wife of the purchase money for the land, the amount of it, to whom it was paid, and that it was in a series of annual installments following 1931.

The evidence, including that of the vendor of the land to whom the purchase money was paid, without substantial conflict, disclosed the debility of the husband; his lack of earnings, the wife's building up and conduct of a dairy business by her own labors and resourcefulness and in her own name; the payment of this purchase money freeing the family homestead with her earnings, aided by an uncle of the husband, who gave monies to the wife for the purpose, as well as gifts of other properties to her and her son, rather than the husband for reasons of prudence and benevolence. Evidence further tends to show the wife was insisting from time to time on her rights in the land because of payment of the purchase money, and requesting title be made to her, but it was postponed from time to time.

It is argued for appellant that the answer does not expressly aver whose money was used, does not aver the wife had a separate estate or source of income and in what it consisted. Because of such lack of averment, it is argued the evidence on these lines was inadmissible and to be disregarded.

The answer implies, to say the least, that the monies paid for the land were the funds of the wife, not of the husband.

Some cases have criticized answers for failure to be more specific on the points mentioned. Such a criticism is usually indulged in connection with the weakness of the testimony on such issues.

There was no exception to the answer. Our Chancery Rule 34 eliminates exceptions to unsworn answers.

Neither was there objection to any of the testimony, calling attention to any defect in the answer.

■ Our Statute, Code, § 6565, requiring the court in equity causes to "consider only such testimony as is relevant, material and competent" is not intended to strike out evidence subject to objection only on special grounds. Where, as here, the answer sets forth in substance a complete defense, and is objectionable only for lack of fulness and clearness in matters of detail, the trial court will not be put in error where no objection to pertinent evidence was interposed, nor the court otherwise apprised of the point first raised on appeal.

■ The answer was subject to amendment in the respects now questioned. The statutory rule is to promote justice, and prevent needless objections and rulings on irrelevant, immaterial, or incompetent evidence. It should not be extended to the case before us. Hill v. Hill, 216 Ala. 435, 113 So. 306; Amberson et al. v. Patterson et al., 227 Ala. 397, 150 So. 353; Cotton v. Cotton, 213 Ala. 336, 104 So. 650.

■ The answer and supporting evidence disclosed the wife had an equity in this property by subrogation, payment of purchase money not as a volunteer, but in protection of her dower interest, and the homestead interest of herself and minor son. Her equity was superior to that of a simple contract creditor of the husband.

■ The right of subrogation may rest upon an agreement, express or implied that the wife should succeed to the position of the holder of the vendor's lien.

■ The decree may be sustained on the doctrine of subrogation. The mak-

**646**

ing of the deed to wife and son at her election, was unobjectionable. Shaddix v. National Surety Co., 221 Ala. 268, 269, 128 So. 220; Cook v. Kelly et al., 200 Ala. 133, 75 So. 953.

As for the area and value within the homestead exemption, a voluntary conveyance was valid, and the claim thereto allowable in any event.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.