7 So.2d 19

**CASE et al. v. KLEPPER.**

7 Div. 691.

Supreme Court of Alabama.

March 19, 1942.

Scott & Dawson, of Fort Payne, for appellee.

W. Jay Tindle, of Fort Payne, and Oliver D. Street, of Guntersville, for appellants.

BOULDIN, Justice.

A bill to foreclose a vendor's lien on real estate, with proper parties, averring facts from which a vendor's lien arose, that the purchase money notes recited in the deed are unpaid, and are owned by complainant, and sufficiently describing the lands as per the deed from the vendor made exhibit to the bill, contains equity.

A deed conveying "all the right, title and interest" of the grantor in the lands, discloses a vendor's lien on such interest in the lands as was owned by the grantor. A decree and sale by same description would pass such interest.

A decree for the judicial sale of an undivided interest in lands should, however, in the interest of all persons concerned, specify the interest to be sold. The bill should specify such interest. Otherwise it is subject to appropriate demurrer.

A ground of demurrer, reading: "The bill is vague and indefinite and does not apprize the defendants of what they must answer," is a general demurrer only, and is properly overruled when the bill contains equity. In answer to cross-bill complainant did define the interest to be sold as a one-sixth interest. The decree so ordered.

The deed described the lands by government numbers followed by this further identification: "All on the East side of Wills Creek in DeKalb County, Alabama and known as the John R. Estes land at Lebanon."

The grantor in the deed was Mrs. Rebecca Klepper. Complainant was her daughter, the owner of the purchase money notes by gift from her mother, the payee. In her deposition, complainant deposed:

"That Mrs. Rebecca Klepper was formerly Miss Rebecca Estes and that she was a sister of John R. Estes, who formerly resided in DeKalb County, Ala. The brothers and sisters of John R. Estes: Brothers—R. J. Estes, S. B. Estes, B. F. Estes, and the sisters were: Ellen Estes Merrick, Mary Estes Williams, and Rebecca Estes Klepper. Mrs. Rebecca Klepper had One-Sixth (⅙) interest in the lands conveyed."

Although not as full as should be, this testimony warranted an inference that Mrs. Klepper succeeded to a one-sixth interest as a sister of the former owner by descent or otherwise. In any event, the only material point was the interest passing by the deed to respondent, Oscar V. Case. Section 6565, Code of 1923, did not require the court to disregard evidence that this was a one-sixth interest because secondary or not the best evidence, no objection being interposed thereto. Cotton v. Cotton, 213 Ala. 336, 104 So. 650; Des Portes v. Hall et al., 238 Ala. 641, 645, 192 So. 899.

By new Equity Rule 120, (238 Ala. XLIV), Code 1940, tit. 7, appendix, such rules became effective January 1, 1940, but not to effect pending causes; with proviso, that the court could so apply them, in his discretion when no party was prejudiced thereby. Such was the instant case. The court was not bound by § 6565, Code of 1923.

The cross-bill by co-respondent, owner of the other undivided interests in the land seeking a sale for division could not serve to hinder or defeat the bill to foreclose the vendor's lien on the one-sixth interest. There was no error in proceeding to a decree of foreclosure on the original bill, reserving all other questions.

Affirmed.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.