105 So.2d 703

**J. H. ADAMS**

v.

**J. O. BAKER.**

5 Div. 697.

Supreme Court of Alabama.

Oct. 9, 1958.

Speaks & Burnett, Clanton, for appellant.

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellee.

MERRILL, Justice.

Appellee filed a bill of complaint to foreclose a mortgage executed to him by appellant. The trial court granted the relief prayed for; appellant's motion for rehearing was denied and he appeals.

The bill, exclusive of the prayer and exhibits (the note and mortgage), consisted of four paragraphs. The first paragraph alleged the ages and residences of the parties. Paragraph two showed a sale by complainant to respondent of forty-three acres of land on December 28, 1950, with the execution by respondent of a mortgage and note for $400, payable December 28, 1951, to secure the unpaid balance of the purchase price. The third paragraph averred the mortgage indebtedness to be past due and unpaid, and the right of complainant to foreclose the mortgage. The fourth paragraph alleged that the mortgage and note provided for the payment of reasonable attorneys fees for collection, and claimed a reasonable fee for the collection by foreclosure.

In his answer, respondent admitted the allegations of paragraph one. In paragraphs numbered 2, 3 and 4, respondent denied each and every allegation of the corresponding paragraph of the bill and demanded "strict proof thereof."

The testimony was taken ore tenus before the trial court and the whole issue resolved itself into one of fact as to whether the original contract price for the lands involved in the mortgage and other lands purchased by appellant from appellee was

$3,000 or $3,500. Appellant contended for the former amount, the appellee for the latter. If appellant's position was correct, the unpaid balance of $400 would have been included in the total amount paid by appellant.

■■ The decree must be affirmed for two reasons. Firstly, the testimony was in conflict as to the question of fact. The witnesses testified before the trial court and there was considerable evidence to support the finding of the court. It is axiomatic that the finding of the trial court, who saw and heard the witnesses, will not be disturbed unless plainly and palpably wrong. Casey v. Krump, 260 Ala. 280, 69 So.2d 864.

■ Secondly, the evidence of payment, scanty as it was, was not properly before the court under the answer.

Payment is an affirmative defense and must be specially pleaded. Atwood v. Benson, 215 Ala. 72, 109 So. 361; 15 Ala. Dig., Payment, ⚬59. The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill and evidence of facts outside of these issues cannot be adduced. Umphrey v. Barfield, 238 Ala. 11, 189 So. 64.

In Gamble v. C. Aultman & Co., 125 Ala. 372, 28 So. 30, 31, this court said:

"* * * As said by Mr. Daniel, (1 Dan.Ch.Pl. & Pr., 711, 713): 'It is of great importance to the pleader, in preparing an answer, to bear in mind that besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner; and, in strictness, he cannot avail himself of any matter of defense which is not stated in his answer, even though it should appear in his evidence.' The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues; otherwise, the answer does not apprise the complainant of the line of defense which will be resorted to, nor afford him that opportunity for preparation to meet it which is the leading purpose of all pleading, and which the complainant is always entitled to with respect to a matter of defense affirmative in character and relied on to defeat and overturn a prima facie case made by the bill.—Wood v. Pebbles, supra [121 Ala. 100, 25 So. 723]; Freeman v. Stuart, supra [119 Ala. 158, 24 So. 31]; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Moog v. Barrow, 101 Ala. 209, 13 So. 665."

In the instant case, there was only a general denial of the averments of the three main paragraphs of the bill. A general denial in a mortgage foreclosure action is permissible, and is sufficient to raise triable issues of fact; but affirmative defenses such as payment should be especially pleaded. 59 C.J.S., Mortgages § 646, p. 1141, citing O'Rear v. Federal Land Bank of New Orleans, 227 Ala. 89, 149 So. 96, and Willingham v. Lankford, 257 Ala. 595, 60 So.2d 387. Tilley's Alabama Equity, § 96; Sims Alabama Chancery Practice, §§ 488 and 489. Nowhere in the pleading was there the slightest intimation that the respondent would claim that the alleged unpaid balance had been paid.

In view of our affirmance on the merits, we have not discussed appellee's motion to dismiss the appeal.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.