145 So.2d 719

**Nick ANNERTON, Administrator,**

v.

**Margie MEDLEN et al.**

8 Div. 31.

Supreme Court of Alabama.

Sept. 20, 1962.

Rehearing Denied Oct. 25, 1962.

Horace E. Garth, Huntsville, for appellant.

Claude H. Pipes, Huntsville, for appellees.

GOODWYN, Justice.

Appellant filed a creditor's bill in the circuit court of Madison County, in equity, to set aside a conveyance from appellee Margie Medlen and her husband, William McKinley Medlen, to appellees James Hindman and wife, Mary C. Hindman, and to have the conveyed property sold in satisfaction of appellee Margie Medlen's indebtedness to appellant which existed at the time of the conveyance. The Hindmans are the Medlens' son-in-law and daughter. The appeal is from a decree denying relief to appellant.

The bill contains allegations to the effect that the indebtedness existed at the time of the conveyance; that the conveyance was voluntary, and was made with the intent to hinder, delay or defraud complainant in the collection of said indebtedness. In answering the bill, respondent Margie Medlen admitted such indebtedness, while the other respondents, "having no knowledge as to its truthfulness or falseness," neither admitted nor denied it. As to the allegations of voluntariness, intent to hinder, delay or defraud complainant, and ab-

sence of consideration, all of the respondents answered simply by denying such allegations.

The trial court, after the taking of testimony ore tenus, made the following findings in connection with its decree, viz:

"* * * The complainant by the allegations of his bill and the proof submitted in support of same showed that he was an existing creditor of the Respondent Margie Medlen at the time of the conveyance by her to the Respondent James Hindman and his wife and the burden was shifted to the Respondent James Hindman to sustain by averment and proof the bona fides of such conveyance. (Smith vs. Bunch, 73 So.2d 729, 261 Ala. 170).

"The complainant contends that the failure of the Respondents to aver in their answer that an adequate and valuable consideration was paid for the conveyance and the lack of allegation of the facts showing good faith of the Respondents and, how, when and in what the consideration was paid, fails to properly present the issue as to the bona fides of the transaction and that the court cannot consider the evidence offered by the Respondent James Hindman as to such valuable consideration. (Umphrey vs. Barfield, 189 So. 64, 238 Ala. 11). The court is of the opinion that since no objection was made to the evidence offered as to an adequate and valuable consideration having been paid by the Respondent James Hindman for the property and the good faith on his part at the time of the sale that the court should consider such evidence although the same is not supported by averments of the answer of such Respondent since such averments could have been added by amendment if said Respondent had been apprised of such defect in the answer by objection to such testimony. (Des Portes vs. Hall, 192 So. 899, 238 Ala. 641). * * *"

There appears to be no real dispute on this appeal that the testimony of James Hindman gives support to the decree, and that the decree is based on such testimony. The critical question is whether such testimony was properly considered by the trial court. This point arises from the failure of respondents' answer to the bill to allege "the facts showing good faith, the actual payment of an adequate consideration, how, when, and in what the consideration was paid." Appellant argues that because of such failure of allegation, Hindman's testimony as to such facts could not be considered by the trial court. Relied on in support of this are the following cases: Umphrey v. Barfield, 238 Ala. 11, 189 So. 64; Gamble v. C. Aultman & Co., 125 Ala. 372, 28 So. 30; Brunson v. Joseph Rosenheim & Son, 149 Ala. 112, 43 So. 31; Smith v. Bunch, 261 Ala. 170, 73 So.2d 729. See also: Smith v. Wilder, 270 Ala. 637, 649–650, 120 So.2d 871; Adams v. Baker, 268 Ala. 256, 258, 105 So.2d 703.

We think appellant's position is well-taken and is supported by the foregoing authorities. From Umphrey v. Barfield, supra, is the following statement of the applicable principle, viz:

"The bill charges: (a) 'That the said alleged consideration expressed and recited in said mortgage is fictitious and simulated, and that the said conveyance was voluntary and without consideration.'

"In this respect, the equity of the bill is rested upon the theory there was in fact and truth no consideration for the mortgage. The complainant being an existing creditor at the time the conveyance by the husband to the wife was executed, the burden of averment and proof was shifted to the respondent, grantee, to show by appropriate averments, supported by strong and convincing evidence, that she paid an adequate and valuable consideration for the conveyance, or, to state it more aptly, that the mortgage was supported

by an adequate and valuable consideration.

"'In order to lift this burden, however, the affirmative averments of the facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. The respondents in order to be accorded the advantage offered in support of the bona fides of the transaction should have alleged in their answers the facts showing good faith, the actual payment of an adequate consideration, how, when, and in what the consideration was paid * * *. The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues.' [Citing cases] * * *"

Appellees rely, as did the trial court, on what was said in Des Portes v. Hall, 238 Ala. 641, 645, 192 So. 899, 901. In that case the answer did much more than deny the allegations of the bill. It contained affirmative allegations of a valuable consideration for the deed. The question presented concerned the sufficiency of the allegations. It was there said:

"It is argued for appellant that the answer does not expressly aver whose money was used, does not aver the wife had a separate estate or source of income and in what it consisted. Because of such lack of averment, it is argued the evidence on these lines was inadmissible and to be disregarded.

"The answer implies, to say the least, that the monies paid for the land were the funds of the wife, not of the husband.

*   *   *   *   *   *

"Neither was there objection to any of the testimony, calling attention to any defect in the answer.

"Our Statute, Code [1923], § 6565 [Act No. 101, appvd. June 8, 1943, Gen. Acts 1943, p. 105, § 372(1), Tit. 7, Recompiled Code 1958], requiring the court in equity causes to 'consider only such testimony as is relevant, material and competent' is not intended to strike out evidence subject to objection only on special grounds. Where, as here, the answer sets forth in substance a complete defense, and is objectionable only for lack of fulness and clearness in matters of detail, the trial court will not be put in error where no objection to pertinent evidence was interposed, nor the court otherwise apprised of the point first raised on appeal.

"The answer was subject to amendment in the respects now questioned. The statutory rule is to promote justice, and prevent needless objections and rulings on irrelevant, immaterial, or incompetent evidence. It should not be extended to the case before us. * * *"

The Des Portes case is not of controlling authority in the case before us. Here, as already noted, the answer contains no allegations whatever as to the consideration paid or otherwise, but consists only of a denial of some of the bill's allegations.

It is apparent from the decree itself that appellant questioned the sufficiency of the answer in the trial court and is not raising the point for the first time on this appeal.

The decree appealed from is due to be reversed and the cause remanded to the trial court for such further proceedings therein as the parties may be advised.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.